Town of Grand Chute, Appellant, vs. Milwaukee County, Respondent.

*September 16, 1938—February 7, 1939.*

For the appellant there was a brief by *Joseph Witmer,* attorney, and *Albert H. Krugmeier* of counsel, both of Appleton, and oral argument by *Mr. Witmer.*

For the respondent there was a brief by *Herbert J. Steffes,* district attorney, *O. L. O'Boyle,* corporation counsel, and *G. Kenneth Crowell,* assistant corporation counsel, and oral argument by *Mr. Crowell.*

A brief was also filed by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, as *amicus curiæ.*

The following opinion was filed November 9, 1938:

FAIRCHILD, J. The constitutionality of sec. 49.03 (8a), Stats., is raised in this case as it was in the case of *Holland v.*

*Cedar Grove, ante,* p. 177, 282 N. W. 111. The present case is ruled by that decision, in which the statute was held constitutional. Therefore the commission's determination must be regarded as valid in the present case, this being a claim of a county against a town.

The objection of the appellant to the finding that claims were duly filed, and to the finding that the recipient of relief was a proper subject, cannot be sustained. There is evidence in the record to support the commission's findings in those particulars.

There is left to be considered the contention of appellant that because the recipient of relief was an emancipated minor, and had lived in Milwaukee county away from his former place of settlement since January, 1931, he had gained a legal settlement there at the time the relief was furnished him in October, 1933. The argument in support of this contention is based on the assumption that the words "of full age" as used in sec. 49.02 (4), Stats., comprehend emancipation, and that emancipation is the equivalent of reaching full age. Emancipation of the minor is not conceded by the defendants, but if it were, under the statutes governing legal settlements for relief purposes we would still be obliged to hold that the recipient had not gained a settlement different from that which he acquired by reason of his father's settlement in the town of Grand Chute.

A minor may acquire a legal settlement from his father derivatively, sec. 49.02 (2), Stats.; or by residence for one year if the parent has not acquired a settlement in the state, sec. 49.02 (5); or by establishing a relationship to another by apprenticeship, sec. 49.02 (6). The expression "of full age" has been used in statutes relating to legal settlement for many years, and it has generally been interpreted to mean "of age." It may have been used as an inclusive and convenient term in states where the termination of infancy differs as between men and women, but however that may be,

emancipation of a minor cannot advance him to greater maturity than passing time has caused, nor can it, in the absence of statute, enable him to gain a legal settlement in a county other than that in which his father has a settlement.

As pointed out by the trial court in its memorandum decision, financial emancipation from the parent may be reason enough for a minor acquiring his own settlement, but there is no such provision in the statutes, which are silent on the subject of emancipation.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on February 7, 1939.