Town of Cleveland, Appellant, vs. Industrial Commission and another, Defendants: Barron County, Respondent.

*June 7—June 21, 1939.*

For the appellant there were briefs by *Donald M. Perry* of Black River Falls and *Olin & Butler* of Madison, and oral argument by *Roy G. Tulane* of Madison.

*Lee Youngman,* district attorney of Barron county, and *John Ernest Roe* of Madison of counsel, for the respondent.

FRITZ, J. The principal question on this appeal is whether Clayton Pickett, who had resided with his wife and five children in the town of Cleveland in Jackson county and had a legal settlement there until they moved on April 27, 1933, to the town of Chetek in Barron county, lost that settlement by living for one year in the town of Chetek without being supported as a pauper. The proof in the record establishes that as a result of an injury, Clayton Pickett had become physically unable to work, and that he and his family were without means of support. Commencing in 1931, Jackson county had been paying Mrs. Pickett aid to dependent children pursuant to sec. 48.33, Stats., commonly called a mother's pension, in the sum of $35 per month until in 1933, and $30 thereafter. The amount of the payments was not increased although another child was born after the family moved to Chetek. Jackson county continued making the payments until Mrs. Pickett received its last check on April 3, 1934. Pursuant to a statement and application to the town of Chetek for poor relief, which was signed and verified by Pickett and in which he swore that he was a legal resident of the town of Cleveland, the town of Chetek gave him such

relief on April 11, 1934, in the amount of $6.80, and thereafter granted such relief to him regularly every month for thirty-seven months. From April 27, 1933, when the Pickett family moved to Chetek, up to April 11, 1934, when poor relief was obtained from the town of Chetek, there was no other income for the family, and the mother's pension checks constituted their sole means of support, until even that stopped coming after the receipt of the last check on April 3, 1934. When the poor relief was granted by the town of Chetek on April 11, 1934, the proceeds of that last mother's pension check had been wholly expended in paying rent and past-due grocery bills, and the Picketts had no cash and were low on groceries. Upon the refusal of the town of Cleveland to recognize responsibility for the poor-relief payments granted by the town of Chetek it was reimbursed by Barron county as provided by sec. 49.03 (2), Stats., and the latter brought proceedings before the Industrial Commission pursuant to sec. 49.03 (8a), Stats., to recover the amount of such payments from the town of Cleveland. The commission found, in addition to the foregoing facts, that from April 27, 1933, to April 11, 1934, there was no income in the Pickett family other than $30 a month received by Mrs. Pickett from Jackson county as a mother's pension, and that some of the proceeds thereof went to the support of Clayton Pickett; that on April 11, 1934, Pickett stood in need of further relief by reason of the fact that the mother's pension money had not been sufficient to pay bills of the previous month and the groceries and necessities of life of the family were very low and not sufficient to provide for them, and the family was not assured that Mrs. Pickett would continue to get such a pension check so as to be in a position to secure credit for the month of April; that he received direct relief from the town of Chetek on April 11, 1934, and thereafter continued to receive such relief in the total sum of $1,441.71 up to May, 1937, without any interruption for one full year;

that he did not lose his legal settlement in the town of Cleveland because he was not absent therefrom for one continuous year without having received relief; that all relief given to Pickett was deemed to be just and necessary; and that the town of Cleveland was indebted to Barron county in the sum of $1,441.71 for relief furnished to Pickett from April 11, 1934, through May, 1937.

The appellant, town of Cleveland, contends that the furnishing of relief by the town of Chetek to Clayton Pickett on April 11, 1934, was illegal, and therefore cannot be considered as support received by Clayton Pickett, because of which it can be held that he did not live one year in the town of Chetek without being supported as a pauper, and therefore did not lose his legal settlement in the town of Cleveland. The appellant also contends that the payment of the mother's pension did not constitute support as paupers of the Pickett family; and that Clayton Pickett and his family lost their settlement in the town of Cleveland by voluntary and uninterrupted absence therefrom for the period of one year.

Appellant's contention that the furnishing of the relief by the town of Chetek on April 11, 1934, was illegal is based upon the claim that it was furnished in violation of the provision in sec. 48.33 (6), Stats. 1933, which reads:

"Aid pursuant to this section shall be the only form of public assistance granted to the family, except medical and dental aid, and no aid shall continue longer than one year without reinvestigation."

That contention cannot be sustained. The evidence well warranted the commission's findings that when the first relief was furnished by the town of Chetek on April 11, 1934, Clayton Pickett stood in dire need of poor relief by reason of the fact that the $30 paid to Mrs. Pickett on April 3, 1934, as mother's pension money, and which was the last payment she ever received, had not been sufficient to pay bills of the previous month, and that the groceries and necessities of life

of the family were very low and insufficient to provide for them. As there were no resources or other income, and the last check ever received as mother's pension was insufficient to even pay the previous month's bills, there were clearly no funds or means of support available when the town of Chetek furnished the poor relief on April 11, 1934. Consequently, it was not only necessary, but it was clearly the statutory duty of the town of Chetek, under sec. 49.03 (1), Stats., to provide that relief upon Pickett's sworn statement as to his legal settlement. There is no provision in either sec. 49.03 or sec. 48.33, Stats. 1933, by reason of which the receipt of aid to dependent children under sec. 48.33, Stats. 1933, can be deemed to absolve a town or its officers from the performance of their duty to provide poor relief under such circumstances; and the provision in sub. (6) of sec. 48.33, Stats. (above quoted) that such aid for dependent children "shall be the only form of public assistance granted to the family," etc., cannot be construed to prohibit and render illegal the performance of the statutory duties prescribed by sec. 49.03 (1), Stats. The scope and effect of whatever inhibition there is by reason of the above-quoted provision in sub. (6) of sec. 48.33, Stats., is limited to the action on the part of officers engaged in the granting of aid for dependent children, which is the subject matter of that provision. Consequently, the furnishing of the relief to Clayton Pickett by the town of Chetek on April 11, 1934, was not illegal, and could constitute such pauper support as would prevent the acquisition of a new legal settlement by him. As the first grant of that relief to Pickett was made within the year which commenced with his leaving the town of Cleveland on April 27, 1933, the furnishing thereof interrupted the running of the one whole year of absence from the latter as the place of his legal settlement without receiving any poor relief, which was essential under sec. 49.02 (7), Stats., in order to terminate the continuance of his legal settlement in that town.

In arriving at that determination, it is immaterial whether the payment of the mother's pension did or did not constitute support as paupers of the Pickett family. As the relief given to Pickett on April 11, 1934, was furnished by the town of Chetek under such circumstances as to clearly constitute pauper support, that was sufficient to interrupt the running of the one-year period of uninterrupted absence without having required and received such relief, which are essential to defeat an existing legal settlement. Until such an uninterrupted period of one year had run, it must be held, in view of sec. 49.02 (7), Stats., that Pickett's legal settlement continued in the town of Cleveland; and that, until the expiration of such an uninterrupted period of one year, his residence in the town of Chetek while he required and was furnished support as a pauper did not operate to give him a settlement therein. Sec. 49.02 (4), Stats. 1933. His absence from the town of Cleveland, while he needed and was furnished support as a pauper by the town of Chetek, was not a voluntary and uninterrupted absence within the meaning of sec. 49.02 (7), Stats. As this court has said:·

"We think the voluntary and uninterrupted absence spoken of in said section must be construed to mean an absence, especially if the party resides within this state, during which the party is not a pauper needing and receiving support." *Scott v. Clayton,* 51 Wis. 185, 191, 8 N. W. 171.

"In the case of *Scott v. Clayton, supra,* this court held that if a person residing in any town received support as a pauper at any time within one year from the commencement of his residence in such town, it defeated his settlement in such town under the provisions of the statute above quoted; and in such case his legal settlement would remain in the place where he had theretofore obtained a legal settlement, if he had any such legal settlement within the state." *Holland v. Belgium,* 66 Wis. 557, 560, 29 N. W. 558.

It follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.