LA CROSSE COUNTY, Respondent, vs. VERNON COUNTY, Appellant.

*January 19—February 13, 1940.*

For the appellant there was a brief by *J. Henry Bennett,* district attorney of Vernon county, and oral argument by *Victor H. Breitenfield,* assistant district attorney.

For the respondent there was a brief by *Wm. H. Stevenson,* district attorney of La Crosse county, and *Maloney,*

*Wheeler & Melhouse* of Madison, special counsel, and oral argument by *Norris E. Maloney.*

FRITZ, J. The circuit court order which is under review on the appeal to this court reversed an order of the industrial commission dismissing the complaint of La Crosse county in an action commenced under sec. 49.03 (7) and (8a), Stats., before the industrial commission against Vernon county to recover from it for relief furnished by La Crosse county for Merville Campbell, a minor son of Lewis Campbell. As the court stated in its memorandum decision, La Crosse county began supplying pauper relief to Merville Campbell and Helen Hanson four days after their marriage on October 4, 1935, in La Crosse county where they were residents and have continued to reside. In October, 1935, Merville was twenty years of age. Up to November 1, 1934, he lived with his father in Rockland in La Crosse county, and that was their legal settlement. On November 1, 1934, the father moved with his family, including Merville, to Vernon county and the father continued to reside there. Merville had returned to La Crosse county at the time of his marriage. When the first relief was furnished for Merville by La Crosse county on October 8, 1935, his father had not resided for one year in Vernon county, and consequently had not acquired a legal settlement in that county.

The commission held, in connection with dismissing La Crosse county's complaint against Vernon county, that Merville's marriage emancipated him from his father, and that Merville would not thereafter take the legal settlement which his father might acquire, but would continue to have the settlement which he had at the time of his marriage until he gained one of his own after reaching the age of twenty-one years; and that, because he had a legal settlement in La Crosse county when it furnished relief to him on October 8, 1935, he could not thereafter take the settlement gained later, on November 1, 1935, by his father in Vernon county.

The court held that because the statutes in relation to the legal settlement for poor relief do not mention emancipation by marriage or otherwise, or give any recognition to either financial emancipation or emancipation by marriage, the minor's settlement follows that of his father (except that a minor whose father or mother has no settlement in Wisconsin may acquire a settlement by a year's residence, and that an apprenticed minor may acquire a settlement by virtue of his apprenticeship). Therefore the court concluded that Merville's legal settlement followed that of his father, notwithstanding his emancipation by marriage, and that his settlement, at the time of his marriage, was in La Crosse county because his father had moved to Vernon county only eleven months before, which was less than the year required to effect a new settlement there by the father. The court's conclusions in those respects were correct. Even though, as is held by the weight of authority, the marriage of a minor emancipates the minor (46 C. J. p. 1345, § 197, and cases cited in note 46; note to *Vance v. Calhoun,* 113 Am. St. Rep. 118), it does not follow that by reason of his emancipation his settlement no longer is that which his father has as is provided in sec. 49.02 (2), Stats. In view of (a) the absence of any provision on the subject of emancipation in our statutes relating to the settlement of a minor, and (b) the conclusion which we reached in *Grand Chute v. Milwaukee County,* 230 Wis. 213, 282 N. W. 127, that because the term "full age," which is used in sec. 49.02 (4), Stats., means of age and does not include an emancipated minor and that therefore an emancipated minor cannot gain a legal settlement under that subsection in a municipality other than that in which his father has a legal settlement, but is governed by the provisions of subs. (2), (5), and (6), relating to the legal settlement of minors, it follows, as the trial court rightly concluded, that notwithstanding his emancipation Merville's settlement was that of his father, which was in La Crosse

county at the time of Merville's marriage. However, although the court so concluded, it apparently considered Vernon county liable for the pauper relief which La Crosse county commenced to furnish for Merville on October 8, 1935, and accordingly entered an order reversing the commission's order which dismissed La Crosse county's complaint.

Inasmuch as October 8, 1935, was likewise within less than a year after the removal of Merville's father, as well as Merville, to Vernon county, the furnishing of relief on that date by La Crosse county operated to interrupt the running of the one-year period of uninterrupted absence from La Crosse county without having required and received such relief which is essential under sec. 49.02 (7), Stats., to terminate the existing legal settlement in La Crosse county of the father, as well as of Merville. *Cleveland v. Industrial Comm.* 232 Wis. 147, 286 N. W. 558. Regardless of whether by reason of Merville's emancipation as the result of his marriage his legal settlement did or did not follow that of his father at the time of the marriage, in view of the fact that at the time La Crosse county commenced furnishing the relief on October 8, 1935, neither the father nor Merville had resided in Vernon county the full year required to effect a change in his legal settlement from La Crosse county to Vernon county, the latter was under no obligation to pay for the relief furnished. Therefore, as Vernon county was not liable, the commission rightly dismissed the complaint, and the order under review herein must be reversed.

*By the Court.*—Order reversed with directions to enter an order affirming the order of the industrial commission.