ASHLAND COUNTY, Respondent, vs. BAYFIELD COUNTY, Defendant: TOWN OF LINCOLN, Appellant.

*November 8—December 7, 1943.*

The cause was submitted for the appellant on the brief of C. F. Morris of Washburn, and for the respondent on the brief of *Clarence V. Olson,* district attorney of Ashland county.

ROSENBERRY, C. J.   The following are the facts material to a determination of this controversy: Herman Verville and Siney Verville were husband and wife and lived for many years in the town of Lincoln, Bayfield county.   In 1931, Siney Verville left her home and went to the city of Ashland where she lived until she died in 1939.   Apparently she became dissatisfied with life on the farm and for that reason left her home.   When she left her husband informed her she might return any time she chose.   She was self-supporting until May, 1935, when and from that time until her death she received partial support from the city of Ashland, the total amount of which was $747.31.

The city of Ashland notified Ashland county as required by sec. 49.03, Stats., that relief was being furnished to a person who claimed residence in the town of Lincoln.   The county clerk of Ashland county from time to time filed claims with the county clerk of Bayfield county stating that the relief had been furnished and giving the amount of claims as follows:

| | |
|---|---|
| May 4, 1938 . . . . . . . . | $131.01 |
| Nov. 17, 1938 . . . . . . . | 430.69 |
| Mar. 3, 1939 . . . . . . . . | 64.75 |
| May 3, 1939 . . . . . . . . | 79.41 |
| Nov. 16, 1939 . . . . . . . | 31.90 |

These claims were promptly disallowed by the county board of Bayfield county.   On February 10, 1941, Ashland county

filed with the state department of public welfare, division of public assistance, a complaint claiming that there was due from Bayfield county to Ashland county the sum of $747.31, being the total amount of all relief furnished. Thereupon the division of public assistance gave notice to Bayfield county and the town of Lincoln, each of which appeared and answered, and on October 30, 1941, the matter was heard by the division of public assistance, which found that the relief was furnished as claimed; that Siney Verville was living apart from her husband; that the Vervilles had lived for about eighteen years prior to May, 1931, in the town of Lincoln, in Bayfield county, where Herman Verville continued to reside after his wife left him; that the parties had never been divorced; that on May 16, 1940, Ashland county filed its claim with Bayfield county for relief in the sum of $747.31; that Bayfield county disallowed the claim of Ashland county on August 14, 1940, and notified Ashland county of said disallowance on August 20, 1940; that the proceeding before the division of public assistance was commenced on February 10, 1941, and ordered Bayfield county to pay Ashland county the amount claimed together with interest at the rate of six per cent. From this order, each of the defendants appealed to the circuit court for Eau Claire county in accordance with the provisions of sec. 49.03 (8a) (c), Stats. The appeal was perfected and papers filed in the circuit court for Eau Claire county on July 27, 1942.

In the circuit court the matter was heard upon the record made before the division of public assistance and an order was entered affirming the determination of the division of public assistance on February 15, 1943, from which the defendant, town of Lincoln, appeals to this court.

The appellant contends, first, that under the provisions of sec. 6.015, Stats., a married woman has a right to establish a legal settlement separate and apart from her husband; second, that the plaintiff's claim is barred by the provisions of sec. 59.76 (2).

1: Whether a wife has a right to establish a legal settlement separate and apart from her husband because of the apparent conflict between the two provisions of the statutes.

Sec. 6.015 (1), Stats., which was enacted in 1919, provides:

"(1) Women shall have the same rights and privileges under the law as men in the exercise of suffrage, freedom of contract, choice of residence for voting purposes, jury service, holding office, holding and conveying property, care and custody of children, and in all other respects. The various courts, executive and administrative officers shall construe the statutes where the masculine gender is used to include the feminine gender unless such construction will deny to females the special protection and privileges which they now enjoy for the general welfare. The courts, executive and administrative officers shall make all necessary rules and provisions to carry out the intent and purposes of this statute."

Sec. 49.02, Stats., relating to legal settlements, provides:

"Legal settlements may be acquired in any town, village, or city so as to oblige such municipality to relieve and support the persons acquiring the same in case they are poor and stand in need of relief, as follows: (1) A married woman shall always follow and have the settlement of her husband if he have any within the state. . . . "

Ch. 49, Stats., deals with two distinct classes of poor: (1) Those who are entitled to relief from the town in which they are living; (2) those who are entitled to relief and are not living in a municipality which is the place of their legal settlement. Sec. 49.02, Stats., prescribes how the question of legal settlement is to be determined. Reading these sections together it is clear that upon the basis of the provisions of these sections the municipality or the county which is ultimately liable for support is to be determined. These sections do not affect the status of poor persons for any other purpose than that of determining their legal settlement unless they are by reference incorporated in some other provision of the statutes.

Sec. 49.02, Stats., is not in conflict with sec. 6.015 because sec. 6.015 does not deal with the relief of poor persons of either class and provides that women shall have the same rights and privileges as men in the exercise of . . . choice of residence for voting purposes. This language clearly excludes any intention on the part of the legislature to include choice of residence for relief purposes and the trial court correctly so held.

2. Defendants claim that the claim of the plaintiff is barred by sec. 59.76 (2), Stats., which provides:

"The decision of the county board disallowing in whole or in part any claim of any person shall be final and a bar to any action founded thereon, except as provided in subsection (1), unless an action be brought to recover against the county within six months after such disallowance. . . . "

As already appears from the statement of facts, claims were filed by the plaintiff against the defendant, Bayfield county, from time to time and disallowed by the county board. After the death of Mrs. Verville, the plaintiff filed a claim for the entire amount which was disallowed and the proceeding before the division of public assistance was begun within six months from the date of such disallowance. The circuit court held that this proceeding was timely but the division of public assistance held that the filing of claims with Bayfield county from time to time "was not proper nor contemplated under the provisions of sec. 49.03, Wisconsin statutes," citing *Holland v. Cedar Grove* (1939), 230 Wis. 177, 282 N. W. 11, 282 N. W. 448. The so-called claims were against the defendant town of Lincoln and the orders were addressed to the Bayfield county relief department or the Bayfield county welfare department. Apparently these statements were treated by the county board of Bayfield county as a claim against the county and disallowed as such. For that reason the defendants claim that sec. 59.76 (2), Stats., applies and that the refiling of the claim by including them is a claim for the whole amount.

We dealt with this whole matter in *Holland v. Cedar Grove, supra*. In the opinion in that case we called attention to the confusion due to the misuse of terms. Inasmuch as the whole matter of procedure has been revamped by the legislature of 1943, see chs. 418 and 375, Laws of 1943, we shall dispose of this case by saying that under ch. 49, Stats., prior to its amendment in 1943, the action referred to in sec. 49.03 (7), Stats., is the proceeding provided for under sec. 49.03 (8a). By par. (a) of sub. (8a) the industrial commission (and later the state department of public welfare) was given exclusive jurisdiction to hear and determine controversies between municipalities and counties as to poor relief, and the limitations are those provided in that section, and sec. 59.76 (2) does not apply. See *Milwaukee County v. Industrial Comm.* (1940) 236 Wis. 252, 294 N. W. 809.

*By the Court.*—The order appealed from is affirmed.