Town of Fox Lake, Appellant, vs. Town of Trenton
and another, Respondents.*

*December 7, 1943—January 18, 1944.*

* Motion for rehearing denied, with $25 costs, on March 14, 1944.

For the appellant there was a brief by *Hooker & Wagner* of Waupun, and oral argument by *E. W. Hooker*.

For the respondent town of Trenton there was a brief by *George A. Hartman* of Juneau, attorney, and *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison of counsel, and oral argument by *W. E. Torkelson* of Madison.

For the respondent Jefferson county there was a brief by *Henry G. Schroeder,* acting district attorney, and *William H. Rogers,* special assistant district attorney, and oral argument by *Mr. Rogers.*

ROSENBERRY, C. J. This controversy arises out of the following state of facts: James Wanalista with his family resided in the town of Trenton from October 2, 1932, to October 1, 1936, and were legally settled therein. At or about October 1, 1936, Wanalista with his family moved to the town of Fox Lake where his wife and their six children have ever since resided. Wanalista continued to work in the town of Trenton until January 8, 1937, when he joined his family in the town of Fox Lake, where he remained until February 5, 1937, at which date he returned to the town of Trenton. Wanalista and his wife at this time separated and have ever since lived apart, the children living with the

mother. Divorce proceedings were commenced but subsequently abandoned. From February 5, 1937, to March 1, 1937, Wanalista worked on a farm in the town of Trenton in Dodge county; from March 1, 1937, to September 10, 1937, he worked in the town of Lomira, Dodge county; and from September 10, 1937, to December 8, 1938, he worked as a farm hand in the town of Ixonia, Jefferson county. Jefferson county is on the county system of relief and Dodge county on the local system.

Commencing on March 10, 1937, a little over a month after Wanalista and his wife separated, aid was furnished to the wife and children in the shape of groceries and fuel by the town of Trenton, although they were then living in the town of Fox Lake. The town of Trenton continued to furnish aid until October 1, 1938, either directly or by paying for that furnished by the town of Fox Lake.

On and after October 1, 1938, the town of Trenton refused to furnish further relief or to repay the town of Fox Lake for the relief provided by it. During the summer of 1938, Wanalista repaid to the town of Trenton the sum of $70 following an arrest for abandonment.

In the proceeding before the department there was a complaint by the town of Fox Lake. The defendants answered. In paragraph 2 of the plaintiff's complaint there appears the following allegation:

"That commencing on the 1st day of October, 1938, to and including the 31st day of December, 1939, the above relief recipients, on information and belief, stood in need of relief as transient poor persons in plaintiff township, and made a sworn statement showing their legal residence to be in either the town of Trenton, Dodge county, Wisconsin, or in the town of Ixonia, Jefferson county, Wisconsin, and were given relief by the plaintiff township in the total amount of one hundred forty-seven and 26/100 dollars ($147.26) to and including the 31st day of December, 1939."

In its answer the town of Trenton admitted the allegations of paragraph 2. At the hearing had before the department on August 21, 1940, it was stipulated by the parties "that the sole issue is the question of legal settlement." There were other facts stipulated which in the view that we take in the case it is not necessary to state in detail here.

Toward the close of the hearing counsel for Jefferson county partially withdrew his agreement to the stipulation, whereupon counsel for the defendant town of Trenton said:

"I think we should have the original stipulation added to so that the only issue to be determined is that of the legal settlement of relief recipient and the further question as to the time of notice which was served upon Jefferson county in the event that Jefferson county is liable on the question of legal settlement."

The parties then specifically stipulated that the notice was given April 8, 1939, received by the county clerk on April 10th, but was received by Mrs. Widman on April 12th. Upon the making of this stipulation the hearing was closed.

In the findings of fact made by the director of public assistance and approved by the department, the second finding is that the parties stipulated that the sole issue is the question of legal settlement. The department found that the legal settlement of the Wanalistas was in the town of Trenton and made an award in favor of the plaintiff against the town of Trenton, in accordance with its findings, whereupon the town of Trenton appealed to the circuit court. When the matter reached the circuit court where it was heard upon the record made before the department, the trial court disregarded the stipulation made by the parties at the time of the hearing before the department and upon evidence which was received without objection during the course of the hearing before the department, the court found that Mrs. Wanalista was not—

"a 'poor or indigent person,' within the provisions of chapter 49 of the statutes at any time during which the plaintiff town granted her relief" and reversed the order of the department.

The trial court entirely disregarded the stipulation made at the time of the hearing. It is considered that this was error. Up to the very last moment of the hearing, counsel for the town of Trenton insisted upon the stipulation. While certain testimony was offered and received on the hearing which would support the finding of the trial court if the question of whether Mrs. Wanalista was a poor and indigent person within the meaning of the statute was before the court, it is considered that by reason of the stipulation all matters except the question of legal settlement were removed from the controversy. The plaintiff offered no evidence upon any other question. It is apparent from the record made before the hearing that all parties with the possible exception of counsel for Jefferson county wholly relied on the stipulation. In any view of the case Jefferson county is not liable and therefore is out of the case.

It appears clearly that during all of the times that Wanalista was working in the town of Ixonia in Jefferson county, his family was receiving public aid. The liability of the respective municipalities is in no way affected by the separation of the husband and wife. Sec. 49.02 (1), Stats., provides:

"A married woman shall always follow and have the settlement of her husband if he have any within the state. . . ."

It is conceded that Wanalista did have a legal settlement in the town of Trenton. It is equally clear that he never lost that settlement because he never resided without the town for a period of one year without his family receiving public aid. In that respect this case is parallel with the case of *Ashland County v. Bayfield County, ante,* p. 210, 12 N. W. (2d) 34.

Counsel for the town of Trenton seeks to sustain the action of the trial court on the theory that because evidence was received upon the hearing before the department relating to the property owned or claimed to be owned by Mrs. Wanalista, appellant waived the stipulation. It is considered that this contention cannot be sustained. It may be true that in formal trials before a court the proposition contended for by the town of Trenton may be sustained. However, we think it has no application to this case. The proceeding before the department is to a considerable extent an informal summary proceeding. The department is not a court and does not have the powers of a court. It is an administrative body authorized to find the facts. When by stipulation the parties withdrew all issues except legal settlement from the department, particularly when the town of Trenton in its answer admitted that the persons to whom the relief was furnished "stood in need of relief as transient poor persons," it is considered that the town of Trenton is concluded by the stipulation and its admission in its pleadings which so far as we are able to discover has never been withdrawn. If the matter had been fully tried, there would remain a serious question of law. The evidence upon that question not having been fully presented, the trial court was in error in holding that the question was before the court.

It appearing without dispute that aid was furnished to the family of James Wanalista during the greater part of the time he was residing in the town of Ixonia, he never acquired a settlement in the town of Ixonia and therefore never lost the legal settlement he had acquired in the town of Trenton. *La Crosse County v. Vernon County* (1940), 233 Wis. 664, 290 N. W. 279; *Milwaukee County v. Oconto County* (1940), 235 Wis. 601, 294 N. W. 11.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment affirming the order of the department of public welfare.