FULKERSON, Appellant, vs. RISBERG, Respondent.

*October 11—November 16, 1948.*

For the appellant there was a brief by *Douglas & Omernik* of Spooner, and oral argument by *Glenn R. Douglas.*

For the respondent there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *W. T. Doar*.

FRITZ, J. The order appealed from reads,—

"It is ordered, that said verdict be and the same is hereby set aside and a new trial granted because the verdict is contrary to the law and the evidence, and also in the interest of justice because the verdict is perverse in awarding damages not supported by the evidence. . . ."

In his complaint plaintiff alleged he was entitled to recover from defendant a balance of $1,083.75 for one hundred twenty-seven and one-half hours of work performed between July 27, 1946, and August 5, 1946, with his caterpillar bulldozer in grading and constructing a roadway for defendant.

In defendant's answer he alleged said work had been fully paid for and nothing was due plaintiff from defendant; that the agreed price of the work was $7.50 per hour; and that part of the time which plaintiff alleged he was working for defendant, he was in fact working for others. Defendant demanded a bill of particulars and in response plaintiff filed an itemized statement of the hours plaintiff performed work for defendant as follows:

| | | | | |
|---|---|---|---|---|
| 7/27/46 | 14 hours | 8/1/46 | 14 | hours |
| 7/28/46 | 14½ hours | 8/3/46 | 14 | hours |
| 7/29/46 | 14 hours | 8/4/46 | 14 | hours |
| 7/30/46 | 14½ hours | 8/5/46 | 14½ | hours |
| 7/31/46 | 14 hours | | | |

Total—127½ hours at $8.50 per hour

On the trial defendant contended and relied upon evidence which developed during the course of the trial to prove that the work performed on said last four days in August, listed in the bill of particulars, was not done for defendant but was done by plaintiff for the town of Barnes.

So far as material on this appeal it suffices to note that there was evidence on the trial to the following effect: Defendant agreed with plaintiff to have him grade and construct for defendant a roadway from a public highway to some lakeshore property in the town of Barnes. Defendant was anxious to have the road so built as to satisfy the officials of that town, in the hope that it would take over the road and pay defendant for the construction thereof. As the work was progressing, defendant made payments amounting to $772.50 to plaintiff, on account of work which was done; and plaintiff claims there were still owing and unpaid $1,083.75 for one hundred twenty-seven and one-half hours of work at $8.50 an hour. At a meeting of the town board on August 13, 1946, which was attended by defendant and plaintiff, plaintiff made out a bill to the town of Barnes for services performed in grading the roadway for the town. This bill conflicted with plaintiff's bill of particulars in that for the four days in August on which plaintiff claimed to have been working fourteen hours a day for defendant, as charged in the bill of particulars, he also entered a charge on the bill against the town; and he had received payment of $578 from the town. On an adverse examination of plaintiff and also during the earlier part of the trial he claimed that no part of the hours of work which he had performed for the town was done on the time shown in his bill of particulars as being hours on which he did work for defendant. But subsequent proof on the trial demonstrated that in the bill for one hundred twenty-seven and one-half hours at $8.50 per hour which he rendered at the board meeting on August 13th there is duplication (as is conceded in the plaintiff's brief on this appeal) in that, for the work on the four days in August, fifty hours were charged alike to defendant and also to the town. Thus, for the identical hours on which plaintiff claims to have been doing road work for defendant and for which he charged defendant, plaintiff filed a claim with the town of Barnes and received pay therefor.

These and other conflicts in plaintiff's testimony, including his statement in the bill of particulars as to the hours of work performed on the days in August, 1946, and his subsequent testimony on the trial in relation to the work performed on those days, and also the confusion in proof upon which he relies in some other respects warranted the trial court's statements, in its memorandum decision, that,—

"Here the work performed in building a side road with a tractor and bulldozer, and for payment of which suit is brought, was described by the plaintiff in a most general manner, and even this, being all the testimony he offered, was thrown into utter confusion when proof on the trial demonstrated that a number of days for which he made claim, including the last day of August 5, 1946, were actually spent on other road work and for which he was paid from another source. The plaintiff's explanation of this manifest discrepancy as poor record keeping and that he had in fact rendered service to the defendant for the length of time claimed, only added uncertainty rather than certainty to his testimony. The jury obviously disregarded the instruction 'to consider the case fairly, honestly and impartially, and in the light of reason and common sense without resorting to guess, speculation or conjecture,' for upon the state of the evidence the addition of such a substantial sum as $658.75 to that of $772.50 previously paid is nothing more than a guess. There was considerable testimony tending to show that no service in such amount was performed, but the verdict does not fall on that account, but because of the failure of the plaintiff's proof to sustain the amount found by the jury. . . . It would be error, however, to grant the defendant's motion for judgment notwithstanding the verdict, *Wisconsin Telephone Co. v. Russell,* 242 Wis. 247, and to attempt to cure the verdict by changing the answer returned would constitute an invasion of the province of the jury."

Under the circumstances, the decision of the trial court is clearly discretionary and as there has been no abuse of discretion the order granting a new trial must be affirmed.

*By the Court.*—Order affirmed.

BROADFOOT, J., took no part.