Broadfoot, J.
 

 During a pretrial conference the court was informed that the defendant had a liability insurance policy. Just before the jury panel was examined the trial court summoned both counsel to the bench, in full view of but out of hearing of the jury panel, and inquired of defend
 
 *210
 
 ant’s counsel the name and home-office address of the company that issued the liability policy to the defendant. This information was given and the court thereupon directed a question to the panel inquiring as to whether any of them was a policyholder, officer, agent, or employee of the insurance company. No juror replied in the affirmative and thereafter no reference was made to insurance.
 

 The defendant now contends that it was error for the trial court to make such inquiry, and thereby inject insurance into the case. The defendant admits that if the plaintiffs’ attorney had good reason to believe or suspect that any of the prospective jurors might have an adverse financial interest to the plaintiffs because of some connection with the insurance company, such an inquiry might be proper. However, in this case there had been no such showing and the court directed the question without any showing of good faith and without any request. •
 

 In the court’s memorandum decision herein it is stated that it is the custom of the court to make such inquiry and not to permit the attorneys to question a jury panel as to insurance. The defendant contends that he is entitled to a new trial because of this prejudicial error on the part of the trial court. The defendant’s counsel, with knowledge of the trial court’s practice, furnished the name and address of the insurance company, made no objection to the court’s following its usual custom, and after the question had been asked made no motion for a mistrial. Under those circumstances, the defendant waived any objection he might otherwise have to the making of the inquiry.
 

 The complaint in this action was based upon sec. 174.02, Stats., and did not specifically plead negligence on the part of the defendant. The defendant now contends that at the time issue was joined both counsel thought that the liability of a dog owner was absolute under the statute. Although the defendant did plead contributory negligence
 
 *211
 
 on the part of Jane Beijer, he now contends that he did not plead assumption of risk and did not require the plaintiffs to specify the particular acts of negligence on the part of the defendant upon which they relied. On April 5, 1960, this court announced its decision in the case of
 
 Nelson v. Hansen,
 
 10 Wis. (2d) 107, 102 N. W. (2d) 251, in which said statute was considered, and we hope the law thereunder was clarified.
 

 The defendant now contends that he is entitled to a new trial in the interest of justice because the
 
 Nelson Case
 
 had not been decided at the time the present case was tried. The circumstances in the two cases are different. In the
 
 Nelson Case,
 
 before submission of the special verdict to the jury, the plaintiffs requested that the question of comparative negligence be submitted. This request was denied. In the case before us the defendant conceded liability and only asked that the jury determine questions of damages. No objection was made to the form of the verdict. Thus no error was committed by the trial court in the submission of questions and the defendant has waived the right to a new trial on that ground.
 

 The defendant further contends that he should be granted a new trial because the damages awarded to Jane Beijer for permanent disability are so excessive as to indicate passion and prejudice on the part of the jury, and further the award in the amount of $4,000 is not sustained by the evidence.
 

 The medical testimony shows that Jane Beijer at the time of the trial had a limitation of motion, both in flexion and extension, of certain fingers on her right hand with a resulting weakness in the grip of her hand. So far as the record discloses, the thumb and little finger are normal. The damage to the forefinger, as stated by her medical expert, is minimal, and the damage is to the middle and ring fingers. Certain tendons or the sheaths inclosing certain tendons were damaged by the teeth of the dog and this re-
 
 *212
 
 suited in scar tissue forming and that in turn caused the limitation of motion. The medical testimony indicated that her condition had become static at the time of the trial and that her disability is permanent. Continued use of the hand results in cramping and some pain. The defendant’s medical expert estimated the permanent disability to be five per cent of the right hand at the wrist. Plaintiff’s medical witnesses did not estimate the extent of total disability.
 

 In addition to the medical testimony, Jane Beijer testified that prior to the day she was bitten she was a typist and bookkeeper and could work for a period of four hours with a fifteen-minute coffee break midway during the period ; that at the time of trial she could only type or write by hand for a period of one-half hour without stopping to rest. The period of rest was not stated. In addition she was no longer able to hold a 16-pound bowling ball in her right hand and experienced difficulty in performing certain of her household duties, and in fishing.
 

 The trial court found that the award did not show passion and prejudice on .the part of the jury. It was his opinion that the damages were so high that he was astonished at the amount and still the amount did not shock the conscience of the court. Therefore the trial court deferred to the judgment of the jury.
 

 A careful review of the record indicates that the evidence does not warrant the amount of damages awarded by the jury for the permanent injuries sustained by Mrs. Beijer and that the same is excessive. Instead of granting the defendant’s request for a new trial, however, we invoke the rule announced in
 
 Powers v. Allstate Ins. Co.
 
 10 Wis. (2d) 78, 102 N. W. (2d) 393. In that case we announced the following rule (p. 91) :
 

 “. . . where an excessive verdict is not due to perversity or prejudice, and is not the result of error occurring during the course of trial, the plaintiff should be granted the option
 
 *213
 
 of remitting the excess over and above such sum as the court shall determine is the reasonable amount of plaintiff’s damages, or of having a new trial on the issue of damages.”
 

 Upon a careful review of all of the evidence relating to permanent disability, we determine that $3,000 is a reasonable sum to award the plaintiff therefor. The plaintiff should, therefore, be accorded the option of accepting judgment for such sum together with the sum of $1,250 awarded for pain and suffering, or a total of $4,250, or of having a new trial on the issue of damages only.
 

 By the Court.
 
 — The judgment is modified by decreasing the amount of Jane Beijer’s damages to the sum of $4,250, exclusive of costs, unless within twenty days from October 4, 1960, said Jane Beijer shall file with the clerk of this court a notice in writing that she elects to have a new trial limited to the issue of damages only. If such notice electing such new trial is timely filed, the judgment will be reversed, and the cause remanded for further proceedings consistent with this opinion. Appellant’s costs upon this appeal are limited to the sum of $200.