Hallows, J.
 

 An order for the remission of damages or a new trial involves exercise of the trial court’s discretion. Such an order will not be disturbed on appeal unless the record shows the court abused its discretion.
 
 Blong v. Ed. Schuster & Co.
 
 (1956), 274 Wis. 237, 79 N. W. (2d) 820;
 
 Hale v. Schultz
 
 (1936), 223 Wis. 285, 270 N. W. 46. The trial court may set aside a verdict and order a new trial when the evidence warrants its conclusion that the jury disregarded its instructions and the evidence did not sustain the verdict.
 
 Fulkerson v. Risberg
 
 (1948), 253 Wis. 466, 34 N. W. (2d) 662.
 

 Much of the evidence submitted on behalf of the plaintiffs was beyond the bounds of the stipulation which was binding upon the parties and the court.
 
 Fox Lake v. Trenton
 
 
 *402
 
 (1944), 244 Wis. 412, 12 N. W. (2d) 679;
 
 Lappinen v. Union Ore Co.
 
 (1947), 224 Minn. 395, 29 N. W. (2d) 8. In
 
 Thayer v. Federal Life Ins. Co.
 
 (1935), 217 Wis. 282, 258 N. W. 849, two classes of stipulations were explained,
 
 i.e.,
 
 those amounting to mere admissions of fact whose function is to relieve a party from making proof thereof, and those having all the characteristics of concessions of some rights as consideration for those secured. The stipulation below was of the latter class and amounted to an agreed case of what issues were and were not involved. Furthermore, a pretrial order was made on the agreement. Sec. 269.65 (2), Stats., provides that the order made at pretrial limiting the issues controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. No modification was made.
 

 The plaintiffs contend that if immaterial evidence was admitted, it was not sufficient to constitute grounds for a remission of damages, and the instructions of the court cured any defect. The court instructed the jury that the village had a right to establish the grade at which the sidewalk was built and the fact that a property owner’s land was either higher or lower than the grade established by the village did not give rise to a claim for damages.
 

 In the Hansen case, in addition to the encroachment of the sidewalk, the evidence relating to the trespass proved that a tree 70 feet high and two feet thick was felled on the plaintiffs’ front lawn and allowed to remain there fifteen to twenty hours and a hole was made in the lawn by a tree branch. One tread was removed from the steps leading from the lawn down the terrace to the old sidewalk and a chip made in another tread. Two inches of the driveway across its width were removed. In the trial court’s opinion this evidence did not sustain the jury’s verdict of $550.
 

 There was additional testimony on damages that the Hansens were unable to use their driveway because of the
 
 *403
 
 one-foot embankment, it cost $200 to repair the driveway, they were unable to use their front steps, it was hard to mow the lawn, the appearance of the front of the premises offended the plaintiffs’ sense of beauty, they were afraid children would fall off the embankment, and the Hansens had to bring their groceries across the field behind the house. The real-estate expert called by the Hansens testified that the property diminished in value by $500. His opinion was based on his inspection of the house, the landscaping, the eye appeal, and sales resistance. This evidence was immaterial because it does not relate to the trespass, but to the establishment of the sidewalk grade one foot lower than Hansens’ lawn. Immaterial evidence does not become material because it is admitted without objection. The trial court did not abuse its discretion on the grounds that the damages were excessive and included the damage caused by the establishment of the sidewalk grade.
 

 In the Rittenhouse case, the only evidence to support the verdict of $750 is that rock and clay fill was placed out from the level of the sidewalk extending down some two to four feet to the level of the lawn. Some rocks which dulled the lawnmower blades were left on the lawn, and some bushes were damaged and looked sickly because of the fill placed around them. A tree was felled on the property and later removed, leaving some debris. Such damage does not sustain a verdict of $750.
 

 Other testimony was to the effect that “the house sets down in a hole,” the premises look “terrible,” the plaintiffs were unable to use their driveway, they were afraid someone would fall off the sidewalk, and water drained off the embankment toward the house. The real-estate appraiser testified that the damage was $700, basing his opinion on an inspection of the house, the landscaping, eye appeal, sales resistance, and the hazard created by the abruptness of the fill along the sidewalk. It is plain that the jury disregarded
 
 *404
 
 the court’s instruction and included the damage based on such immaterial evidence in its award.
 

 The orders of the trial court giving the options were entered before our decision in
 
 Powers v. Allstate Ins. Co.
 
 (1960), 10 Wis. (2d) 78, 102 N. W. (2d) 393. Both the plaintiffs and the defendants argue in their briefs that this is a proper case for the application of the
 
 Powers
 
 rule. In the
 
 Powers
 
 Case, because the trial court held no damages should be awarded, this court determined the reasonable amount of the plaintiff’s damages. In
 
 Makowski v. Ehlenbach,
 
 ante, p. 38, 103 N. W. (2d) 907, the trial court set the least amount of damages but did not pass on the reasonable amount of the damages, and we sent the case back for such determination. In
 
 Beijer v. Beijer,
 
 ante, p. 207, 105 N. W. (2d) 348, this court applied the
 
 Powers
 
 rule and set the reasonable amount of damages because the trial court had approved the jury’s verdict. The plaintiffs in these cases have not had the benefit of a determination by the trial court of what is the reasonable amount of their respective damages or of having a new trial on that issue. The court did not have the opportunity to make such a determination and there is no reason why the trial court should not now be allowed to do so. Therefore, the court should fix such sum as it shall determine is the reasonable amount of the plaintiffs’ damages in each case and modify its original orders so that the plaintiffs in each case shall have the option of taking judgment for such amount with costs and disbursements or of having a new trial.
 

 By the Court.-
 
 — -The orders appealed from are reversed, and the cause remanded for further proceedings consistent with this opinion; the plaintiffs to recover costs on this appeal.