Laura CRUSAN, Plaintiff-Appellee,

v.

Elmer W. ACKMANN, Defendant and Third-Party Plaintiff-Appellant,

and

Ernest L. TURNER, Third-Party Defendant-Appellee.

No. 14771.

United States Court of Appeals Seventh Circuit.

March 5, 1965.

Willard S. Stafford, Madison, Wis., Rieser, Stafford, Rosenbaum & Rieser, Madison, Wis., for plaintiff-appellant.

Gerald W. Jaeckle and Blakely, Long, Grutzner & Jaeckle, Beloit, Wis., for plaintiff-appellee.

Thomas G. Ragatz and Roberts, Boardman, Suhr & Curry, Madison, Wis., for third-party defendant-appellee.

Before SCHNACKENBERG, KILEY, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This diversity action was brought by Laura Crusan against Elmer W. Ackmann to recover damages for personal injuries alleged to have been caused by the latter's negligence in driving his automobile. Ackmann impleaded Ernest L. Turner as third party defendant and alleged that Turner's negligent driving was the cause of the accident. The jury returned a verdict awarding Miss Crusan $12,246.65 damages against Ackmann and found that Turner's negligence was not causal. Ackmann appeals.

The issues on appeal are whether prejudicial references were made before the jury by the district judge and plaintiff's counsel about one of the defendants being insured, whether the jury's finding that Turner was not negligent was contrary to the physical facts, and whether the jury's award of $9,500 for plaintiff's loss of earnings was excessive.

The accident occurred on a two-lane concrete highway south of Madison, Wisconsin, on May 1, 1960, when plaintiff was riding as a guest in the front seat of her brother's automobile. Just after the Crusan car had come over the crest of a gradual hill, it stopped to permit an automobile two cars ahead to make a left turn. While stopped, the car was struck from the rear by the Ackmann car which was hit from the rear by the Turner vehicle. The Crusan car caromed ahead. Plaintiff suffered injuries to her leg by the impact. Ackmann claimed that he had been able to come to a complete stop short of the Crusan car before he was propelled into it when struck by the Turner vehicle. On the other hand, Turner contended that Ackmann struck the Crusan car and sent it forward before Turner came into contact with Ackmann.

Ackmann urges that the jury's verdict is inconsistent with the facts and that its award of damages is excessive. He claims that these errors resulted in part from the jury's being prejudiced by two incidents occurring during the trial. He says that the jury was informed that he was the only insured defendant and that because of this he alone was found liable.

The first instance occurred at the beginning of the trial. Before selecting the jury, all counsel agreed with the judge that the issue of insurance was not to be mentioned. Later, however, after the jurors were sworn, the judge said to them: "Laura Crusan is suing Elmer Ackmann, Mr. Turner, and the North River Insurance Company, insurance carrier for Mr. Ackmann." Counsel aproached the bench and informed the judge that he had erred in naming the insurance company since it was not a party to the suit. Thereupon, the court made the following correction:

"My attention has been called to the fact I mentioned an insurance company, and there are no insurance companies being sued here as party defendants. That is an error. The defendants are: Elmer Ackmann and Mr. Ernest L. Turner. No insurance companies are sued as a defendant in this matter, or are a party defendant. So disregard any statement I made heretofore."

The second instance occurred during the cross-examination of a medical wit-

ness called by defendant Ackmann. Plaintiff's counsel opened his cross-examination of the witness by asking, "Doctor, by whom were you employed to examine the patient?" The witness answered, "I presume the insurance company." The actual motive for asking the question is in dispute, defendant Ackmann contending that the question was calculated to elicit information about insurance and plaintiff maintaining that an altogether different answer was anticipated.

Although defendant Ackmann now appeals on the basis that these two references to insurance prejudiced the jury, he did not object to either of them at the times of their occurrence. After the judge's correction of his own remarks, Ackmann's counsel did not object or make further comment. Likewise, there was no objection made at the time to the question asked of the medical witness by plaintiff's counsel. It is true that at the conclusion of the cross-examination of that witness, Ackmann's counsel approached the bench and complained of the reference to insurance, saying: "Under no circumstances am I requesting that any further reference be made to the question and answer which plaintiff's counsel elicited from the last doctor regarding 'at whose request is this report made?' Any further talk about insurance coverage in this case * * * is highly objectionable." He then indicated his "wish to preserve my objection to the occurrence." No further objection was made, no request was made to admonish the jury to disregard the question and answer, and there was no motion for a mistrial.

■ Proper procedure requires that timely objection be made to comments which a party later urges on appeal as being so prejudicial as to constitute reversible error. Only if the objection is raised at the time of the occurrence, does the trial court have an opportunity to determine the effect of the conduct upon the jury in the particular context then present and to take the necessary steps

to correct the situation. If objection is not made at the time, the party waives his right to raise it later.

In Beijer v. Beijer, 11 Wis.2d 207, 105 N.W.2d 348 (1960), the court asked the jury panel whether any of them had an interest in the insurance company insuring the defendant when the company itself had not been named as a defendant. Although no objection was made at the time, the inquiry by the court was later urged as error on appeal. The Wisconsin supreme court, noting that no objection had been made and that there had been no motion for a mistrial, held that the defendant had waived any objection he might have had.

■ As we have noted, the district judge on his own initiative instructed the jury to disregard his statement about an insurance company being one of the defendants. This admonition cured any prejudicial effect the statement may have had. Walker v. Pomush, 206 Wis. 45, 238 N.W. 859 (1931); Heintz v. Schenck, 176 Wis. 562, 186 N.W. 610 (1922).

■ Ackmann's counsel, in addition to failing to make timely objection to the second mention of insurance, did not request that the jury be instructed to disregard this testimony. Even in a case where the Wisconsin supreme court thought that it would have been proper for a trial court to give an instruction for the jury to disregard certain testimony, it ruled that the appellants were "precluded from predicating error thereon in view of their failure to make a specific request therefor." Doolittle v. Western States Mutual Ins. Co., 24 Wis. 2d 135, 128 N.W.2d 403 (1964).

Accordingly, we hold that defendant Ackmann cannot be heard on appeal to complain of comments and testimony which may have properly been subject to objection during the trial. Defendant's failure to object, move for a mistrial, or request a cautionary instruction constituted a waiver of the issue he now urges on appeal.

Defendant Ackmann further contends that the jury's finding that third party defendant Turner's negligence was not causal was not based on credible evidence and was contrary to the physical facts. There were diverse versions of the sequence of events—Ackmann's version being that he had come to a complete stop before he was shoved by Turner into the Crusan car and Turner's version being that he struck Ackmann only after the impact between the Ackmann and Crusan vehicles. Likewise, counsel draw variant inferences from the damages to the automobiles and their maneuvers following the collisions. When there is disputed testimony or when conflicting inferences can be drawn, a jury question is presented. We would have to speculate to say, as defendant argues, it was because of the references to insurance that the jury accepted Turner's version rather than Ackmann's.

Finally, Ackmann contends that the $9,500 award for plaintiff's loss of past and future earnings was excessive and reflected the jury's knowledge that defendant was insured. Again, we would have to indulge in speculation to say that the size of the verdict was influenced by the references to insurance. We do not think it necessary to make a detailed analysis of the evidence concerning plaintiff's injury and her resulting incapacity to work. It is enough to say that the record discloses sufficient credible evidence, both medical and lay, to support the jury's verdict. The district judge did not think the verdict excessive. In Hale v. Schultz, 223 Wis. 285, 270 N.W. 46 (1936), the Wisconsin supreme court observed: "The judgment of the trial judge on the question of whether damages are excessive or not must be accorded considerable influence * * *. He has seen the witnesses and heard the testimony." We agree.

The judgment is affirmed.