# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

---

THE CHICAGO CITY RAILWAY COMPANY

*v.*

JOHN ANDERSON.

*Opinion filed October 24, 1901—Rehearing denied December 11, 1901.*

1. APPEALS AND ERRORS—*not reversible error that judge slept a few minutes during trial.* That the trial judge slept four or five minutes during the examination of a witness is not reversible error, where counsel did not try to waken him nor call his attention to the fact after he awoke, nor object in any way, and where it does not appear that any improper testimony was elicited during such period.

2. SAME—*affidavits in support of motion for a new trial should be preserved in the record.* Alleged error of the trial court in refusing to consider certain affidavits in support of a motion for new trial can not be considered on appeal, where the affidavits are not preserved in the record.

3. SAME—*whether verdict is against evidence and damages are excessive are questions of fact.* Whether the verdict in a suit at law is against the weight of evidence and whether the damages allowed are excessive are questions of fact not reviewable by the Supreme Court.

4. INSTRUCTIONS—*not error to refuse instruction stating abstract rule of law.* While it is not error to give an instruction stating an abstract principle of law if it has no tendency to mislead the jury, yet it is not error to refuse to give it.

*Chicago City Ry. Co.* v. *Anderson*, 93 Ill. App. 419, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

In its decision of this case the Appellate Court has made the following statement:

"This is an appeal from a judgment for $7500 rendered in favor of appellee, and against appellant, in an action of case for personal injuries alleged to have been occasioned by appellant's negligence.   *   *   *

"The evidence is, that October 1, 1897, about six o'clock in the evening, the appellee was driving north on Clark street, in the north-bound track of appellant, a team of horses attached to a wagon loaded with baled hay. The weight of the wagon was 2600 pounds and of the load of hay 8400 pounds. Each bale weighed from 140 to 150 pounds. The bales were piled four high on the wagon, and appellee was sitting on top of the bales while driving. There was another train of appellant following the wagon on the north-bound track, ringing a bell, apparently as a signal to appellee to turn out of the track. When the appellee reached the intersection of Harrison street (an east and west street) with Clark street he turned his horses to the left across the south-bound track of appellant to go west on Harrison street, but before the wagon got across the south-bound track a south-bound train of appellant collided with it and tipped it over, and appellee was thrown to the ground and was seriously injured. The evidence tends to prove that one or more of the bales of hay fell on him. About fifty-five witnesses were examined on the trial, some of them at great length."

WILLIAM J. HYNES, SAMUEL S. PAGE, and WATSON J. FERRY, (MASON B. STARRING, of counsel,) for appellant.

FRANK HAMLIN, and BYRON BOYDEN, for appellee.

Per CURIAM: · In its opinion, delivered upon the decision of the case, the Appellate Court has expressed the following views:

"Appellant's objections are exceedingly numerous, going to almost everything which occurred in the course of the trial. They may be summarized as follows: The verdict is against the weight of the evidence; the court erred in modifying some and refusing other instructions asked by appellant, and in giving certain instructions asked by appellee, and in admitting improper and excluding proper evidence, and in unreasonably limiting argument, and in refusing to consider certain affidavits in support of the motion for new trial. Exception is also taken to the conduct of the presiding judge on the trial and to remarks of appellee's attorney, in argument, to the jury.

"There was considerable conflict in the evidence, and, therefore, the case was one eminently proper to be submitted to the jury on the questions of fact. * * *

"We find no error in the instructions given at appellee's request, or in the modification of instructions requested by appellant and the giving them as modified. The court gave forty-five instructions for appellant, and it would seem that so many instructions should, if they did not, cover every phase of the case, but counsel object to the refusal of instructions 46, 47, 48, 49, 50, 51, 52, 53 and 56. These refused instructions, except instructions 51 and 53, are included, in substance, in instructions given. * * * Instruction 53 limits the duty of the motorman to the exercise of ordinary care in approaching Harrison street from the north, to the instant that he might have noticed that appellee intended to drive across the southbound track, thus excluding from consideration the question whether the motorman, prior to such instant, had been exercising ordinary care in the operation of the car while approaching the Harrison street crossing. * * *

"Counsel for appellant, by permission of the court, went into another court room to attend to another matter and was absent for a few moments, and while he was so absent the court asked a witness for appellant, who was on the witness stand, several questions, after which appellant's attorney returned and continued the examination of the witness. No objection was made or exception preserved to the questions put to the witness by the court, and appellant's attorney had ample opportunity to examine him on his return and was not limited by the court in the examination. There is nothing objectionable in the questions asked the witness by the court. Under the circumstances we cannot perceive that appellant was in any way prejudi ed by the court's partial examination of the witness.

"The bill of exceptions contains the following: 'And the court further certifies, that during the progress of said trial, and while evidence was being introduced before the jury, said trial judge was asleep some four or five minutes, and during such time did not hear the testimony; but neither counsel made any objection to said judge being so asleep, as aforesaid, nor called his attention to the fact, nor disturbed nor interrupted him in any way or manner, but, on the contrary, permitted him to sleep, as aforesaid, until he awoke of his own accord.'

"The trial commenced November 17, 1899, and the verdict was returned November 27, 1899. The trial therefore occupied eight or nine days, and may have been conducted in such manner as to exhaust almost any one compelled to listen to it, as was the presiding judge. Conceding the irregularity of the presiding judge going to sleep while a trial is progressing, we cannot hold the mere circumstance of his having slept four or five minutes reversible error. If the judge was asleep, as certified, counsel must have known it, and knowing it they should either have suspended the examination of the witness then testifying

until the judge awoke, or have awakened him by calling his attention, in a voice sufficiently loud to awake him, to the fact that the trial was progressing. Counsel did neither, but proceeded with the examination, and after the judge awoke failed to call his attention to the fact that testimony had been given while he was asleep, or to object in any way. It does not appear what testimony was taken while the judge was asleep, or that there is any objection to it, or that it was, in the least, prejudicial to either party.

"Counsel also complained that the judge was absent at one time; but if there is any evidence of this, it is merely inferential, and occurs in the examination of the witness E. H. Murray. The court may have been unavoidably temporarily off the bench, in which case counsel should have suspended the examination of the witness till his return. Counsel for appellant, during the alleged absence of the judge, asked the witness two questions, which counsel for appellee objected to, when appellant's counsel temporarily withdrew the questions, and shortly afterward this occurred: * * * 'There was a question or two counsel objected to, and because the court wasn't here I didn't ask it.' Court: 'Very well.' * * * 'That is with reference to how closely trains followed each other there that night.' Court: 'He may answer,' and the witness answered the question. Clearly, the absence of the judge was not prejudicial to the appellant.

"Numerous objections have been made by counsel for appellant to the conduct of the judge on the trial, in respect to which no exceptions were taken. We find no evidence in the record of partiality or prejudice on the part of the presiding judge. On the contrary, we think he superintended the trial fairly and impartially.

"Very many objections were made in respect to evidence, which we have carefully considered and find no reversible error in the admission or exclusion of evidence.

"The court limited argument to the jury to an hour and a quarter on each side, and this is urged as ground of complaint, but no exception was taken to the ruling.

"We find no reversible error in respect to the remarks, in argument, of the attorney for appellee.

"It appears from the bill of exceptions that the court refused to consider certain affidavits presented by appellant's counsel in support of a motion for a new trial, on the ground, urged by counsel for appellee, that appellee had not been furnished with copies of the affidavits, in accordance with the rules of the court. Having inspected the rules, which are set out in the record, we are of opinion that the affidavits were properly excluded. But even though their exclusion were error, appellant could not avail of it, because the affidavits are not in the record, and, without knowledge of their contents, we could not decide whether or not their exclusion was prejudicial to appellant. * * * The judgment is affirmed."

We concur in the foregoing views expressed by the Appellate Court.

Whether or not the verdict is against the weight of the evidence, and whether or not the sum, awarded as damages, is excessive, are questions which are settled by the judgments of the lower courts, and cannot be considered by this court.

The refusal of instruction, numbered 51, asked by the appellant, was not error, because it was a mere abstract proposition. While it is not error to give an instruction, which announces an abstract principle of law if it has no tendency to mislead the jury, it is not error to refuse such an instruction. (*Atchison, Topeka and Santa Fe Railroad Co.* v. *Feehan,* 149 Ill. 202; *Chicago and Alton Railroad Co.* v. *City of Pontiac,* 169 id. 155; *Betting* v. *Hobbett,* 142 id. 72).

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*