**Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant, v. Sarah L. Henry, Administratrix, Appellee.**

1. CONTRIBUTORY NEGLIGENCE—*when question of law.* Unless the negligence of the plaintiff is proven by such conclusive evidence that there can be no difference of opinion as to its existence upon a mere statement of facts, then such question of contributory negligence becomes one of fact which must be submitted to the jury for determination.

2. CONTRIBUTORY NEGLIGENCE—*effect of failure to look and listen.* A failure by one about to cross a railroad track to look and listen, is not negligence *per se.* The question as to whether the failure to look and listen under all the circumstances constitutes contributory negligence, is one of fact to be determined by the jury.

3. INSTRUCTIONS—*when as to weighing of evidence properly refused.* An instruction is properly refused which in effect is an invitation to the jury not to attempt to weigh the evidence.

4. INSTRUCTIONS—*propriety of refusal where only abstract propositions of law are stated.* It is not error for the court to refuse instructions which merely contain abstract propositions of law.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Coles county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed April 21, 1908.

HAMLIN & GILLESPIE, for appellant; L. J. HACKNEY and H. A. NEAL, of counsel.

C. C. LEE and EDWARD C. and JAMES W. CRAIG, JR., for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee, as administratrix of the estate of Thomas N. Henry, deceased, brought suit in the Circuit Court

of Coles county against appellant to recover damages for the death of said Thomas N. Henry, alleged to have been caused by the negligence of appellant's servants. There was a verdict in favor of appellee in the sum of $1,999, upon which the court rendered a judgment, from which this appeal has been prosecuted.

Thomas N. Henry was driving a single horse north on Sixth street, in the city of Charleston, Illinois, on the thirteenth day of June, 1906, and while endeavoring to cross the tracks of appellant was struck by one of its passenger trains and so seriously injured that he died in a few hours thereafter. The negligence charged against appellant was that it did not either ring a bell or blow a whistle as required by law at public crossings; that it had failed and continually neglected to keep a flagman at the said crossing as required by an ordinance of the city of Charleston, and that the train in question, at the time of the injury, was being run at a speed greatly in excess of ten miles per hour in violation of an ordinance of said city of Charleston, which limited the speed of passenger trains within the city limits to ten miles per hour.

Appellant contends that deceased was not in the exercise of due care for his own safety at the time of the injury and that the evidence upon that score was such that the case should have been taken from the jury upon appellant's motion.

It is not disputed that in the year 1902, there was passed in due form by the city council of the city of Charleston, an ordinance which required of appellant the appointment and keeping of a flagman at the crossing in question and that at the time of such injury there was in force in said city an ordinance which prohibited the running of any passenger train within the corporate limits of said city at a speed greater than ten miles per hour. Nor is it denied that at the time of the accident appellant was guilty of a violation of both these ordinances. Appellant claims, how-

ever, that notwithstanding its failure to observe the regulations prescribed by the ordinances of the city, deceased was guilty of contributory negligence as a matter of law and argue that if he had used proper precaution to guard against such injury he would have remained uninjured. The rule is well established in our state that unless the negligence of the plaintiff is proven by such conclusive evidence that there can be no difference of opinion as to its existence upon the mere statement of facts, then such question of contributory negligence becomes one of fact which must be submitted to a jury for determination. L. S. & M. S. Ry. Co. v. Ouska, 151 Ill. 232; C., C., C. & St. L. Ry. Co. v. Keenan, 190 Ill. 217.

Under the rule announced in the cases cited we think the question of contributory negligence upon the part of deceased was properly submitted to the jury as one of fact. It may be conceded that some of the evidence tends to show that deceased might have avoided the injury if he had stopped to look or listen to discover the approach of the train. This negligence or failure upon the part of deceased was, however, mere evidence tending to show contributory negligence, but was not conclusive upon that subject. C. & A. R. R. Co. v. Lewandowski, 190 Ill. 301; C. & A. R. R. Co. v. Pearson, 184 Ill. 386; T. H. & I. R. R. Co., v. Voelker, 129 Ill. 540.

In the last case cited the court say: "It is doubtless a rule of law that a person approaching a railway crossing is bound, in so doing, to exercise such care, caution and circumspection to forsee danger and avoid injury as ordinary prudence would require, having in view all the known dangers of the situation, but precisely what such requirements would be must manifestly differ with the ever-varying circumstances under which such approach may be made."

In the case at bar the evidence shows that the train which struck deceased was going at a rate of speed estimated by different witnesses, at from eighteen to

thirty-five miles per hour; that deceased was closely following a Mr. Fleming, who with a team was immediately preceding him across the railway track, at the time of the accident, while there is also evidence tending strongly to show that no bell was rung or whistle blown for the crossing in question. Upon a consideration of all the facts and circumstances surrounding deceased at the time of the injury, we are constrained to hold that the jury were not unwarranted in arriving at the verdict they returned.

Appellant assigns as error the action of the court in refusing to give its instruction number one, which stated that the burden was upon the plaintiff to show due care upon the part of deceased by a preponderance of the evidence and that if the evidence was equally balanced or if it was so unsatisfactory that the jury were unable to say upon which side of the question the preponderance of the evidence was, the issue would not be considered proven. The court by its second instruction given for appellee told the jury that preponderance of the evidence meant a greater weight of the evidence and that to entitle plaintiff to recover she must prove her case by the greater weight of the evidence, and by its instructions given for appellant told the jury that by the term preponderance was meant more or better evidence and that the facts upon which the plaintiff relied for a recovery must be proved by more or better evidence than that tending to prove the contrary.

We do not think that there was any reversible error in the refusal to give appellant's first instruction offered relating to the force of equally balanced evidence, in view of the fact that other instructions were given requiring plaintiff to prove her case by a preponderance of the evidence. Fidelity & Casualty Co. v. Oehne, 94 Ill. App. 121.

Furthermore, such first instruction offered by appellant, in telling the jury that if the evidence was so unsatisfactory that they could not determine upon

which side the preponderance was, on the question of due care, without telling them that it was their duty to weigh the evidence, was an invitation to the jury not to attempt to weigh it at all. It was the duty of the jury to weigh the evidence, whether they wanted to or not, and determine, when weighed, whether it preponderated in favor of plaintiff, or whether it was equally balanced or preponderated in favor of defendant.

Appellant next assigns as error the action of the court in refusing its sixth, seventh, eighth and ninth instructions offered. Each of these instructions stated an abstract proposition of law merely. It is not error to refuse to give such instructions. Chicago City Railway Co. v. Anderson, 193 Ill., 9.

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*