McGUIRE, Respondent, vs. DOYLE and another, Appellants.

*March 7—April 2, 1929.*

*D. J. Regan* of Milwaukee, for the appellants.

*Morris Podell* and *Jacob S. Rothstein,* both of Milwaukee, for the respondent.

OWEN, J. The plaintiff lived in defendant's flat and kept his automobile in defendant's double garage. The defendant kept his own car in the east end of the garage. On the day in question he backed his car into his portion of the garage so that the rear end of the car was in close proximity to the back part of the garage. The defendant and his wife were preparing to go down town. Defendant had entered the car and was seated under the steering wheel. Plaintiff and defendant's wife were standing on the left-hand side of the car in front of the driver's seat talking with defendant. The motor was running, the car was in reverse gear, and the clutch was disengaged by the defendant pressing his foot on the clutch pedal. The defendant was preparing to drive out of the garage. As they thus stood engaged in conversation, plaintiff remarked that the rear door on the right-hand side of the car was open. Simultaneously the plaintiff started to walk around the rear of the car to close the door, and the defendant said "I will close it." Defendant reached back to close the door and, just as the plaintiff had gotten between the rear end of the car and the garage wall, the car backed, squeezing plaintiff between the car and the wall of the garage.

The jury found contributory negligence on the part of the plaintiff, as well as negligence on the part of the defendant. The court held that there was no contributory negligence on the part of the plaintiff, changed the verdict in that respect, and granted judgment in favor of the plaintiff.

The only question we are required to consider is whether plaintiff's contributory negligence was a question for the jury. It is urged that that question is answered in the negative by *Corwin v. Salter,* 194 Wis. 333, 216 N. W. 653.

There is little similarity in the situations presented in that and in the instant case. In each case injuries were inflicted by a backing automobile, and there the similarity ends. In this case the plaintiff placed himself in a situation where the least backward movement on the part of the automobile would squeeze him between the automobile and the wall of the garage, the distance between the two being about eighteen inches. When he did this the motor was running. The evidence does not show that the plaintiff knew that the car was in reverse gear and that the clutch was being held out by defendant's foot. It can very plausibly be argued that he had no reason to anticipate a backward movement of the car. Certainly he would not be required to anticipate that the defendant would deliberately back the car upon him. It can further be argued that he had no reason to anticipate a backward movement of the car due to the inadvertence of the defendant, because inadvertence would not ordinarily result in a backward movement of the car unless it was in reverse gear and the clutch disengaged by reason of the pressure on the pedal of defendant's foot. It seems plain that when the defendant reached back to close the door he removed his foot from the clutch, permitting it to become engaged, resulting in a backward movement of the car. Of course this would not have happened if the gear lever had been in neutral. However, the potency of this argument is confined to the jury. There is no test by which this question can be determined except by a comparison of plaintiff's conduct with that of the great mass of mankind under the same or similar circumstances. A jury of twelve were of the opinion that the great mass of mankind would not have acted as the plaintiff did under the circumstances. In arriving at that conclusion the jury had a right to consider that plaintiff knew the motor was running, that the defendant was about to make an effort to close the door himself, and that such effort would divert his attention from the control of the car.

A finding that one should anticipate a sudden or unexpected movement of a car in which the motor is running and where the attention of the driver is diverted, is not so unreasonable as to justify a court in setting it aside. The verdict of the jury should not have been disturbed.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment on the verdict.