HALE, Respondent, vs. SCHULTZ and another, Appellants.

*November 12—December 8, 1936.*

For the appellants there was a brief by *Peterson & Slocumb* of Menomonie, attorneys, and *Richmond, Jackman, Wilkie & Toebaas* of Madison of counsel, and oral argument by *Harold M. Wilkie* and *Carl E. Peterson*.

For the respondent there was a brief by *Higbee & Higbee* of La Crosse, and oral argument by *Jesse E. Higbee*.

FAIRCHILD, J. The propositions which control this case are the same as those ruled upon in the case of *Swanson v. Schultz, ante,* p. 278, 270 N. W. 43. The two cases were tried together at the circuit and argued together in this court. The negligence of the driver of appellant's truck having been determined to be the cause of the collision with the car in which respondent was riding, and the driver of that car being free from negligence, the rulings on the questions of negligence and resulting liability are controlled by the decision in the companion case.

Here, as in the *Swanson Case,* the trial court was of the opinion that the damages allowed by the jury were excessive. Without determining the lowest amount an impartial jury, properly instructed, would reasonably fix, he apparently reduced the assessment here in the same manner as in the *Swanson Case.* Error exists because of the character of the option given respondent. The judgment of the trial judge on the question of whether damages are excessive or not must be accorded considerable influence when the matter is presented to this court. He has seen the witnesses and heard the testimony. When, however, the record discloses that the judge probably failed to follow the correct rule in correcting an excessive assessment of damages, if the situation warrants such interference at all, we must return the case for his further action in the matter unless we can determine from the evidence submitted what the proper amount is, under the

rule.  The circumstances present in this case put it under the ruling of the companion case.

*By the Court.*—Judgment reversed, and cause remanded for the granting of an option to plaintiff to take judgment for the lowest amount or submit to a new trial under the rule provided for such cases.