[Civ. No. 10530.   First Appellate District, Division Two.—October 18, 1937.]

A. S. NICHOLAS et al., Appellant, v. E. D. CHLOUPEK, Respondent.

Joseph E. Isaacs and Alan H. Critcher for Appellants.

Frank V. Campbell and Harvey C. Miller for Respondent.

SPENCE, Acting P. J.—Plaintiffs sought to recover for alleged personal injuries sustained by Mrs. Stephanie Nicholas.   The answer denied any negligence on the part of de-

fendant, denied that any injuries had been sustained by said plaintiff and affirmatively alleged contributory negligence on the part of said plaintiff. Upon a trial by jury, a verdict was returned in favor of defendant and judgment was entered thereon. A notice of intention to move for a new trial was filed but the intended motion was never brought to a hearing. Plaintiff appeals from the judgment.

Appellants contend that the verdict was contrary to the evidence, but we find no merit in this contention. While the evidence might be said, as a matter of law, to require a finding of negligence on the part of respondent, it is apparent that such negligence was slight. The jury may have found, however, that no injury was suffered by reason of such negligence or that Mrs. Nicholas was herself guilty of contributory negligence. Either finding would sustain the verdict and would find support in the evidence.

The accident occurred near the loading platform on the premises of the Mountain View Ice Co. The parties had gone there in their respective automobiles to obtain ice. Respondent's car was parked with the motor running in a position where it was necessary for him to back up before pulling out. Mrs. Nicholas parked her car about five feet behind respondent's car. Respondent entered his car and backed it at the rate of about one mile per hour. His bumper came in contact with Mrs. Nicholas' car. The disinterested witnesses who were in the vicinity heard no noise from any contact between the cars and could see no injury to either the car or to Mrs. Nicholas. Respondent testified that he felt no impact whatever between the cars. An attempt was made through the testimony of Mrs. Nicholas to show a connection between the contact of the cars and alleged injuries to Mrs. Nicholas and her car. The record disclosed that this witness was thoroughly impeached and the jury was justified in concluding from her evidence and the evidence offered by respondent that she had wilfully perjured herself and that the alleged injuries had no connection with the contact of the two automobiles. Furthermore, the jury was justified in concluding that Mrs. Nicholas was guilty of contributory negligence in parking her car immediately behind the car of respondent under the existing circumstances.

Appellants further contend that "a portion of the trial was held in the absence of the court". The record of

the trial does not disclose this situation, but appellants rely upon affidavits submitted for use on the intended motion for new trial. As above indicated, the motion was never made. Assuming, without deciding, that appellants may present the point on appeal and may rely upon said affidavits under these circumstances, appellants have shown no sufficient ground for a reversal of the judgment. The affidavits show that the trial judge left the bench and the courtroom during the reading of a deposition; that counsel for appellants "then and there" called the attention of counsel for respondent to the absence of said judge and that counsel "thereupon . . . ceased reading from said deposition". The affidavits do not show where the trial judge went or whether he was within hearing. They do not show how long the trial judge was away from the bench nor that any proceedings whatever were had in his absence. But more than this, there is no showing that appellant made any objection during the trial to the failure of the trial judge to suspend the trial and to admonish the jury before leaving the courtroom nor is there any showing that any prejudice whatever resulted from said conduct of the trial judge. We are satisfied a party may not sit idly by during the trial without objecting to such an irregularity, take the chance on obtaining a favorable verdict and then, in the event of the return of an unfavorable verdict, demand a reversal without the showing of any prejudice. (Const., art. VI, sec. 4½.)

Appellant cites and relies upon *People* v. *Tupper,* 122 Cal. 424 [55 Pac. 125, 68 Am. St. Rep. 44], and *People* v. *Blackman,* 127 Cal. 248 [59 Pac. 573], but those cases are clearly distinguishable. In each of said cases it appeared from the affidavits that the trial judge left the courtroom and relinquished control of the proceedings which continued during his absence. Furthermore, both were felony cases decided prior to enactment of article VI, section 4½, of the Constitution and we are of the opinion that they are not controlling here. (See *O'Callaghan* v. *Bode,* 84 Cal. 489 [24 Pac. 269]; *Texas Power & Light Co.* v. *Central Texas Battery Co.,* (Tex. Civ. App.) 256 S. W. 644; *Chicago City Ry. Co.* v. *Anderson,* 193 Ill. 9 [61 N. E. 999]; *Allen* v. *Ames & C. Ry. Co.,* 106 Iowa, 602 [76 N. W. 848]; *Merchants' Nat. Bank* v. *Nees,* 62 Ind. App. 290 [110 N. E. 73, 112 N. E. 904]; *Peters Branch of International Shoe Co.* v. *Blake,* 74 Okl. 97 [176

Pac. 892]; Hyatt on Trials, p. 1008, sec. 981; 17 Am. & Eng. Ency. Law, 2d ed., 720.)

The judgment is affirmed.

Sturtevant, J., and Goodell, J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 16, 1937.