FLATLEY, Appellant, vs. AMERICAN AUTOMOBILE INSURANCE COMPANY and another, Respondents.

*December 2, 1952—January 6, 1953.*

For the appellant there were briefs by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *J. Robert Kaftan* and *Fred F. Kaftan.*

For the respondents there was a brief by *Chadek, Cornelisen, Denissen & Farrell,* and oral argument by *Frank P. Cornelisen* and *E. D. Kranzush,* all of Green Bay.

BROADFOOT, J.    The plaintiff stated the questions involved as follows:

"1. Upon the evidence was the jury award for past loss of earnings and future impairment of earning capacity excessive?

"2. Where plaintiff, appealing from order granting new trial on grounds of excessive damages, serves notice of appeal on April 8, 1952, is defendant, who served request for review on May 13, 1952, entitled to review by supreme court of that part of order denying defendants' motions which object to jury's findings of negligence?"

The plaintiff contends that the court was in error in granting a new trial because the jury's award of damages was not the result of passion or prejudice; the defendants were not prejudiced thereby; and the court misinterpreted certain testimony. The trial court did not grant the new trial because of any passion or prejudice on the part of the jury, but upon the ground that the award of damages by the jury was not supported by the evidence. The trial court correctly applied the rule stated in *Urban v. Anderson,* 234 Wis. 280, 285, 291 N. W. 520, as follows:

"It is quite clear that in a case where the jury has returned a fatally excessive verdict, where the right to recover is clear, the court may deal with the matter whether the error is attributable to perversity, *or the amount found by the jury is not supported by the evidence in the case.* The whole object and purpose of giving options is to permit the parties to avoid the expense of a new trial. The granting of options is based upon the proposition that the trial court ·has power to thus deal with a verdict without invading the constitutional rights of either party."

This rule was affirmed in *Kimball v. Antigo Bldg. Supply Co.* 261 Wis. 619, 53 N. W. (2d) 701.

To determine the second question involved requires a consideration of subs. (1) and (4) of sec. 274.12, Stats., which read as follows:

"(1) A respondent adverse to the appellant upon the latter's appeal may have a review of any rulings prejudicial to him by serving upon the appellant at any time before the case is set for hearing in the supreme court a notice stating in

what respect he asks for a reversal or modification of the judgment or order or portion thereof appealed from. . . .

"(4) When any respondent desires to review an order, judgment, or portion thereof not appealed from, he shall within thirty days after service on him of notice of appeal take and perfect his appeal or be deemed to have waived his right so to appeal."

Plaintiff appealed from the whole order, sub. (1) of sec. 274.12, Stats., applied, and defendants' request for review was timely. On this request for review the defendants again challenge the sufficiency of the evidence to support a finding of negligence on the part of Bruce and the apportionment of the negligence.

The granting of a new trial is a highly discretionary action on the part of the trial judge. Unless it clearly appears that there has been an abuse of judicial discretion this court will not disturb such action. That is equally true of the determination of the trial court in fixing maximum and minimum amounts of damages in connection with options. This applies both to the questions raised by the appeal and by the request for review.

Since there is to be a new trial, we deem it improper for us to comment at length upon the testimony in this trial. We have carefully reviewed the record in the first trial. We find credible evidence therein to support the findings of the jury except as to damages, and we cannot find any abuse of discretion by the trial court.

*By the Court.*—Order affirmed.