GENNRICH and another, Respondents, v. SCHRANK and another, Appellants.*

*December 3, 1958—January 2, 1959.*

* Motion for rehearing denied, without costs, on March 3, 1959.

For the appellants there was a brief by *Genrich, Terwilliger, Wakeen, Piehler & Conway,* attorneys, and *Paul D. Hilton* of counsel, all of Wausau, and oral argument by *Herbert L. Terwilliger.*

For the respondent August Gennrich there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *Donald C. O'Melia.*

For the respondent Irene Gennrich there was a brief by *Schmitt & Wurster* of Merrill, and oral argument by *Leonard F. Schmitt*.

BROADFOOT, J. The defendants contend that the trial court erred in determining that a jury issue was not presented by the evidence as to the negligence of the plaintiff August Gennrich with respect to lookout and management and control.

The repair bill for the Gennrich automobile was put in evidence. Among other items replaced was the front bumper and grille bar. Schrank testified that just before the impact he was going up a slight grade and that he had reduced his speed to five miles per hour. Further, the plaintiff August Gennrich testified that he had his foot on the brake while his car was stopped.

The defendants argue that it would have been physically impossible under these circumstances for the Gennrich automobile to have been pushed forward into the stalled car and suffer the amount of front-end damage indicated by the repair bill. From these circumstances it is argued that the jury might infer that there had been a collision between the front end of the Gennrich automobile and the stalled vehicle prior to the accident from which this action arose.

All of the direct testimony by the witnesses for the plaintiffs is that the Gennrich automobile stopped from 12 feet to a car length from the stalled automobile and that there was no contact with it until after the Gennrich automobile was struck by Schrank. A portion of Schrank's testimony stated in narrative form in the defendants' appendix is as follows:

"I wouldn't know if I would have been able to stop if I had applied my brakes real hard when I was 75 to 100 feet away and his brake lights went on. I imagine I could have stopped if I would have known he came to a drive as slow

as he did. When I first saw his brake lights go on, I was 75 to 100 feet behind him. If I had applied my brakes real hard like I did when 20 or 25 feet behind him, I think I could have stopped before bumping him. I did bump him. I don't know if I shoved his car ahead enough so that it bumped that next car that was stalled in the traffic lane. I pushed it ahead some."

The record does not disclose the position of the three cars after the accident, or the damage to the stalled automobile. A county traffic-patrol officer testified that the Schrank automobile left skid marks on the pavement 56 feet in length. These skid marks started about 90 feet north of the driveway from the tavern and extended south that distance. He further testified that the skid marks stopped two or three car lengths north of the driveway. It is fair to assume that the south end of the skid marks marked the forward progress of the rear wheels of the Schrank automobile and would indicate that the front end of the Schrank automobile struck the rear of the Gennrich automobile about two car lengths north of the driveway. In other words, that the front end of the Gennrich automobile was about one car length from the stalled automobile. The repair bill indicates clearly that the major damage to the Gennrich automobile was to its rear end. It is evident from all of the testimony that the Schrank automobile was going faster than five miles per hour at the time of the collision. Neither the testimony nor the physical facts would support an inference that Gennrich had struck the stalled car prior to being struck by Schrank.

Mrs. Gennrich testified that when the collision occurred she was thrown ahead and then back into the seat again. Mrs. Gennrich's claim for damages was based on a whiplash injury to her neck. There was medical testimony to the effect that in a rear-end collision her head would have been thrown back and then forward. The defendants argue that from this testimony the jury could also infer that the Gennrich car

collided with the stalled automobile before the collision with the Schrank automobile. Her testimony as to just what happened at the time of the rear-end collision was not definite and positive. At one time she said, "It went awful quick." Again she stated, "I thought I was throwed ahead but that happened so quickly I don't know how you are going to explain." Again she stated she knew she went ahead; she knew it threw her ahead but it happened quickly; she did not know how to explain it any differently but she knew that it jerked her back.

Her testimony must be viewed in the light of the fact that the Gennrich automobile was stopped a car length from the stalled vehicle at the time of the Schrank collision. As he approached the stalled vehicle Gennrich applied his brakes. This could have caused a forward motion by Mrs. Gennrich. In any event, her testimony would not warrant an inference by the jury that the Gennrich car had already struck the stalled vehicle before being hit by Schrank.

Upon the entire record the trial court was justified in dismissing the counterclaim.

The main contention upon this appeal was as to the damages awarded to Mrs. Gennrich. The trial court determined that the amount awarded to her by the jury was excessive. A review of the record indicates that the court was correct. There was some confusion as to the options to be offered to the parties in the hope of avoiding a new trial as to damages. Because of this confusion evidenced by the record a proper option was not submitted. The trial court finally determined that $12,000 was the least amount that an unprejudiced jury properly instructed would probably assess under the evidence. As a matter of fact that was about the highest amount that could have been sustained under the evidence. There was evidence which, if believed by the jury, would have supported a much-lower award.

Under the circumstances revealed by the record we do not feel that the matter should be resubmitted to the trial court for a proper submission of an option or options. Since the damages were excessive we deem that a new trial on the question of Mrs. Gennrich's damages only must be held. No complaint is made as to the award to Mr. Gennrich and that part of the judgment is affirmed.

*By the Court.*—That part of the judgment dismissing the counterclaim of the defendants, and that part of the judgment awarding damages and costs to August Gennrich are affirmed. That part of the judgment awarding damages and costs to Irene Gennrich is reversed, and cause remanded for a new trial only with respect to damages sustained by her in the collision.

FAIRCHILD, J. (*dissenting in part*). I agree with the opinion of the majority except as to the new trial on the issue of damages sustained by Irene Gennrich.

There does not appear to be any error upon the trial affecting the damage finding. The verdict has not been found to be perverse. The trial court set aside the jury finding as to Mrs. Gennrich's damages solely because the amount ($16,500) is larger than the evidence can sustain.

The majority of this court, I must concede, is following precedent in determining that in such case defendant is entitled to a new trial unless the plaintiff elect to take judgment for the *least* amount an unprejudiced jury, properly instructed, would probably assess under the evidence. That has been the rule where a damage finding is simply in excess of the greatest amount the evidence would sustain as well as where there has been error on the trial or perversity of the jury.

I respectfully suggest that this rule be changed in cases like the one now before us where there is no demonstrable

error on the trial and where perversity is not found. The theory of the rule is that it preserves the right of both parties to a trial, free from error, by an unprejudiced jury, heeding the court's instructions. Plaintiff is given the choice of a new trial if he desires it. Defendant will get a new trial unless plaintiff accepts the least amount a jury would assess and defendant will not be hurt by being required to pay that amount without a trial. This rule may be necessary where the excessive award of damages is the result of error or perversity because a defendant is entitled to a fair jury trial. But where there has been no error or perversity, there would be no injustice to defendant in giving plaintiff an option of a new trial or judgment for an amount fixed by the court as a fair and reasonable award under the evidence. Such a rule would give greater protection to the plaintiff. While he could still choose a new trial, his alternative would be more liberal to him than under the present rule. It would sufficiently protect the defendant from the excessive award.

In many personal-injury cases there is a wide range between the highest and lowest amounts which a jury might award under the evidence. Different people have widely differing judgments of the dollar value of disability and pain. In many cases their judgment will depend upon whether they believe that the plaintiff and his witnesses exaggerated the pain and disability suffered. In a case such as the present one, the jury has evidently believed the plaintiff and has simply fixed the award at too high a figure in evaluating the injury in money.

It is undoubtedly in the public interest to avoid unnecessary second trials and to seek an earlier determination of the litigation at a figure which is within the range of fairness. There is no reason, where the range is wide, for requiring the court to fix a low figure when the jury has already indicated that it thinks that the plaintiff deserves the highest figure the evidence will sustain.

The figure fixed by the trial court in the case before us ($12,000) would not be excessive and was evidently considered fair by the trial court. Therefore I would affirm the judgment even though the amount is not as low as would be required by the rule heretofore followed.