HOFFMAN, Appellant, v. BUGGS and others, Respondents.

*February 3—March 3, 1959.*

For the appellant there was a brief by *Darrell MacIntyre,* attorney, and *George E. Hass* of counsel, both of Madison, and oral argument by *Mr. MacIntyre.*

For the respondents there was a brief by *Dougherty, Ryan & Campbell* of Janesville, and oral argument by *Glen R. Campbell* and *William H. Dougherty.*

BROWN, J.

"It is the well-recognized rule that when a jury's findings are attacked, particularly when they have had the trial court's approval, our inquiry is limited to the issue whether there is any credible evidence that, under any reasonable view, supports such findings. With the rule in mind we consider that it is necessary to recite only the testimony which supports the jury's findings. Some of it is in dispute, but as to the disputed testimony we must recognize that it was for the jury to determine where the truth lies." *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 109, 62 N. W. (2d) 549, 63 N. W. (2d) 740.

Our study of the record shows testimony which was competent and which the jury might believe to establish these facts:

Plaintiff Hoffman was building a garage upon his own premises. He engaged defendant Janesville Sand & Gravel Company to spread a ready-mix concrete pavement on the approach to the garage and on the garage floor over a layer of sand. The truck and mixer were driven by defendant Buggs. Buggs backed the truck with the mixer containing the concrete material near to the place where the concrete was to be spread. Then Buggs, with Hoffman assisting him, placed planks upon the sand over which the wheels of the truck could roll to back closer to the desired position. When Buggs placed the planks to his satisfaction and was ready to attend to the backing he saw that Hoffman was standing on the ground to the right of the truck in a place of safety. Buggs then got into his truck, looked into his right rear-view mirror and saw on that side that the path to the rear of the truck was clear. Then, leaning out of the left side of his truck and looking to the rear, so as to guide the truck's wheels onto the planks, Buggs very slowly backed the truck until halted by warning shouts. The outcries were made because Hoffman had left the place where Buggs had seen him standing and Hoffman, with his back to the truck, had attempted to make a further adjustment of a plank in the rear of the truck. The body of the truck and the mixer prevented Buggs from seeing Hoffman in the place into which he had come. The truck knocked Hoffman down and the right rear wheel passed over him.

The jury rendered a special verdict answering that Buggs was causally negligent in failing to give a warning of his intention to back the truck but was not negligent in lookout. The jury also found that Hoffman was causally negligent in failing to exercise ordinary care for his own safety in

respect to his position in the driveway and in the lookout which he kept. The jury apportioned causal negligence of 25 per cent to Buggs and 75 per cent to Hoffman.

Appellant submits that there is error because the court did not change inconsistent answers to the special verdict and refused a new trial because of such inconsistent answers.

The answers in the verdict present no inconsistency and this contention is without merit.

The appellant submits further that the trial court should have granted a new trial because of newly discovered evidence.

"The granting of a new trial on the ground of newly discovered evidence rests within the sound discretion of the trial court and its determination will not be set aside unless it is shown to be a clear abuse of such discretion." *Estate of Teasdale* (1953), 264 Wis. 1, 7, 58 N. W. (2d) 404.

That case, at page 4, sets out the requirements which must be met before a new trial on this ground will be granted. They are:

(1) The evidence must have come to the moving party's knowledge after the trial.

(2) The moving party must not have been negligent in seeking to discover it.

(3) The evidence must be material to the issue.

(4) The testimony must not be merely cumulative to the testimony which was introduced at the trial.

(5) It must be reasonably probable that a different result would be reached on a new trial.

We cannot improve on the discussion by the learned trial court of the proffered new evidence and therefore quote from its memorandum decision:

"The plaintiff labors with great zeal to convince the court that a new trial should be granted because he has now found some evidence which he did not have at the time of

the trial. He states that he can now prove by the testimony of two neighbor ladies that they observed a hat—presumably Henry Hoffman's—lying in the sand back of the truck after the accident happened. One of these ladies, it is averred, would testify that she saw the truck after the accident parked about 12 to 15 feet north of the south property line. It is also averred that Henry Hoffman will testify that the right leg of his overalls was torn at the time of the accident."

The trial court then states the tests which must be met before a new trial may be granted for newly discovered evidence, citing *Estate of Teasdale, supra,* and other pertinent Wisconsin decisions. The trial court then continued:

"Obviously, there is no reason why these ladies, who were neighbors of the plaintiff, could not have been interviewed before the trial as well as after the trial. As to the plaintiff's overalls, they were in the plaintiff's possession at all times. He had only to look at them to discover the tear which he now claims could have so important a bearing on the result of the trial. In addition, it may be remarked that before the evidence of the tear in the overalls would be material it would have to be demonstrated how the tear was made. Hoffman states in his affidavit that he did not know his overalls were torn in the accident.

"So far as the hat is concerned, it is not averred that anyone saw it fall from Hoffman's head; it is not explained how it got into the place at which it was seen; the position of the hat is not described, except that it was behind the truck, where all are agreed Hoffman was when he was struck. We do not know whether it fell from Hoffman's head, or whether it was moved after it fell to the ground.

"The evidence regarding the position of the truck after the accident has no value in determining the position of the truck before the accident. There were witnesses who testified to the truck's position before the accident.

"If, however, it were to be established that the truck was closer to Hoffman than he and his son said it was, such evidence would only tend to aggravate his negligence in placing himself in so dangerous a position in its path.

"Neither is there anything about the newly discovered evidence concerning the hat or torn overalls which would change the result of the trial. The existence of these circumstances is merely cumulative evidence of the fact that Hoffman was struck by the backing truck after he in some manner got behind it.

"Since the newly discovered evidence does not meet the prescribed tests, the motion for a new trial must be denied."

In our view there has been no abuse of discretion by the trial court in denying appellant's motion for a new trial on the ground of newly discovered evidence. It appears to us that the case was thoroughly tried and properly submitted to the jury. This accident involves only questions of fact and the verdict is well sustained by evidence which the jury was entitled to believe. Denial of plaintiff's motions after verdict is without error.

*By the Court.*—Judgment affirmed.