Boughton and wife, Appellants, v. State Farm Mutual Automobile Insurance Company, Respondent.*

*June 2—June 26, 1959.*

* Motion for rehearing denied, with $25 costs, on October 6, 1959.

For the appellants there was a brief and oral argument by *William F. Quick* and *E. Ace Bernstein,* both of Milwaukee.

For the respondent there was a brief and oral argument by *Thomas J. Regan* of Milwaukee.

BROADFOOT, J.  Mrs. Boughton will hereinafter be referred to as the plaintiff.  Upon this appeal she contends that the evidence, as shown by the record, amply supports the jury's award of damages; that a full and fair trial to an impartial, fair-minded jury properly instructed was had; that the trial court failed to consider vital medical evidence and that the order for a new trial is based solely on a conflict of human judgment between the trial judge and the jury.  In effect the plaintiff maintains that the court merely substituted its own judgment for that of the jury.  This argument is based upon an analysis of the memorandum decision filed herein.  It is contended that the trial court did not indicate that the jury verdict showed passion and prejudice on the part of the jury, nor did it recite in what manner the verdict was contrary to the evidence.

The issue on this appeal is governed by the provisions of sec. 270.49, Stats., which provides that motions may be made to set aside a verdict and for a new trial and the trial court may grant such motions upon the following grounds: (1) Errors in the trial; (2) the verdict is contrary to law or the evidence; (3) excessive or inadequate damages; or (4) in the interest of justice.  The order setting aside a jury verdict and granting a new trial must specify the statutory ground upon which it is based.  Stating the statutory ground therein is sufficient unless the new trial is ordered in the interest of justice, in which case the reasons that prompted the court to make such order must be set forth in detail therein.  *Dittman v. Western Casualty & Surety Co.* 267 Wis. 42, 64 N. W. (2d) 436.  The statutory ground upon which the court based its order is that the damages were excessive.  This was sufficient ground under the statute.  Upon appeal such orders are not to be disturbed unless it clearly appears there has been an abuse of judicial discretion.  *Blong v. Ed. Schuster & Co.* 274 Wis. 237, 79 N. W. (2d) 820; *Flatley*

*v. American Automobile Ins. Co.* 262 Wis. 665, 56 N. W. (2d) 523.

The figure selected by the trial court in granting the option is, of course, low and should not be interpreted to mean that it approximates the amount of the actual damages. The record discloses that the plaintiff did sustain serious injuries as a result of the collision. She went to a hospital where X rays were taken that disclosed no fractures. However, her physician, as well as the plaintiff, testified that she received severe bruises to the left shoulder, left thigh, groin, and knee, and the left chest, and that she suffered shock, wryneck, and back strain which were severe and painful. The X rays showed an arthritic condition in the back and neck that existed prior to the date of the accident. The medical testimony indicated that the injuries she received as a result of the collision aggravated and hastened the onset of arthritis, and that because of the combination she had suffered pain to the time of the trial and will continue to suffer pain and discomfort in the future.

Prior to the date of the accident she had applied for a position as file clerk with the treasury department of the United States in its internal revenue service office in Milwaukee. On August 3, 1956, she was examined by a physician for the civil service commission. His examination was directed mainly to her vision and for the purpose of determining any functional disability that would prevent her from doing the work required of her. He determined that she was physicially qualified for the position and he did not note any functional disability, particularly of the hands and fingers. She was given the position and commenced work on August 27, 1956, and was still so engaged at the time of the trial.

However, the new trial could have been awarded without the option provision and, even though the amount of $1,500

was low, it was not prejudicial error requiring a reversal. Upon this appeal it is our duty to determine whether or not the trial court abused its judicial discretion in granting the new trial. The rule to be followed in reviewing the record is stated in the *Blong Case, supra,* as follows (p. 243) :

"The matter of a trial court granting a new trial for excessive damages involves an exercise of discretion. This court should not disturb such a determination unless there has been an abuse of discretion. As pointed out in *Hale v. Schultz* (1936), 223 Wis. 285, 286, 270 N. W. 46, 'The judgment of the trial judge on the question of whether damages are excessive or not must be accorded considerable influence when the matter is presented to this court. He has seen the witnesses and heard the testimony.' "

Our review of the record with that rule in mind leads us to the conclusion that there has been no clear abuse of the discretion exercised by the trial court. Because of our decision to affirm the action of the trial court we have not attempted to recite in detail all of the evidence bearing on the question of the plaintiff's damages for personal injuries. We do not deem it desirable to do so in cases where there is to be a new trial.

*By the Court.*—Order affirmed.

MARTIN, C. J., took no part.

FAIRCHILD, J. (*dissenting*). In my opinion the jury's answer to the damage question is sustained by the evidence if the testimony is viewed in the light most favorable to Mrs. Boughton's claim. Where this is the case the trial court may not set aside the answer unless it is of the opinion that such action is required in the interest of justice. In such case the reasons must be set forth in the order.

Even if the damage finding can properly be said not to have been sustained by the evidence, I would prefer that the

option given to Mrs. Boughton would not be for the lowest amount that a jury would probably assess, but an amount fixed by the trial court as a fair and reasonable award under the evidence. My reasons for this view were stated in an opinion filed in *Gennrich v. Schrank* (1959), 6 Wis. (2d) 87, 93, 93 N. W. (2d) 876.