WISCONSIN POWER & LIGHT COMPANY, Appellant, v. COLUMBIA COUNTY, Respondent.

*October 5—October 30, 1962.*

For the appellant there was a brief by *Petersen, Sutherland, Axley & Brynelson,* and oral argument by *James C. Herrick* and *Griffin Dorschel,* all of Madison.

For the respondent there was a brief and oral argument by *Howard W. Latton* and *Arno J. Miller,* special district attorneys, and by *Donald Hamm* of Wisconsin Dells.

HALLOWS, J.   The first question on this appeal is whether the defendant was negligent in constructing the road. Plaintiff contends the defendant proceeded at its peril after it had knowledge of the mounding and possible damage to the tower by the subterranean lateral forces of the marsh set in motion by the manner in which the road was being constructed.   Specifically it is claimed the defendant was negligent in building the road by trial and error and by the "blanketing" method of depositing fill on top of the swamp surface when it knew such method of construction would create lateral pressure in the marsh which would damage the tower, and in failing to seek expert advice or to make tests of the nature of the marsh before proceeding with the construction of the road as relocated.

Constructing the road by the defendant was not an extrahazardous activity so as to place absolute liability upon the defendant. *Wisconsin Power & Light Co. v. Columbia County, supra.* Defendant in constructing the road was under the duty to use ordinary care which must be determined in the light of existing circumstances. *Mondl v. F. W. Woolworth Co.* (1961), 12 Wis. (2d) 571, 107 N. W. (2d) 472. The possibility of harm to the plaintiff's tower was foreseen by the defendant but the foreseeability of pos-

sible harm is not enough to constitute negligence. Harm must be reasonably foreseen as probable by a person of ordinary prudence under like circumstances. *Mondl v. F. W. Woolworth Co., supra; Osborne v. Montgomery* (1931), 203 Wis. 223, 234 N. W. 372; *Barnes v. Murray* (1943), 243 Wis. 297, 10 N. W. (2d) 123. To constitute negligence, not only must the act involve a risk which the actor realizes or should realize but the risk must be unreasonable. The test of unreasonableness is well stated in Restatement, 2 Torts, p. 785, sec. 291, as follows:

"(1) Where an act is one which a reasonable man would recognize as involving a risk of harm to another, the risk is unreasonable and the act is negligent if the risk is of such magnitude as to outweigh what the law regards as the utility of the act or of the particular manner in which it is done."

The trial court found the defendant adopted the means of accomplishing the relocation of the road in the form and manner employed by like agencies in constructing similar types of highways; the defendant complied with the applicable standard of care in constructing the road and any damage to the plaintiff's tower could not have been reasonably foreseen or anticipated by the defendant. Unless these findings are against the great weight and the clear preponderance of the evidence, this court must affirm.

In 1954 there were two generally employed methods of road constructions in swampy areas, either blanketing the surface of the marsh with road material and building up the roadbed as was done in this case, or excavating all or part of the contents of the swamp where the road was to be constructed and backfilling. For local roads of light-traffic count, intended to be low-cost roads, as the contemplated road was, the blanketing method was the usual and customary method. On high-traffic-count roads for state highways the more-expensive excavating and backfilling method

was used. The method used by the defendant was in conformity with the customary method used by the counties of its size in building the contemplated road over a marsh and would exclude an inference of negligence. *Bandekow v. Chicago, B. & Q. R. Co.* (1908), 136 Wis. 341, 117 N. W. 812. Choice of using the blanketing method because it was the least-expensive means of building this road in itself would not be negligence. One is not required to use the most costly method to accomplish an end if the cost of that method would be prohibitive. *Pennsylvania Coal Co. v. Mahon* (1922), 260 U. S. 393, 43 Sup. Ct. 158, 67 L. Ed. 322. The assistant chief engineer of the plaintiff realized the cost of the excavation and backfill method would be prohibitive and did not suggest it to the county.

The mounding on the side of the roadbed would not indicate necessarily or even probably that the tower would be affected unless the mounds were close to the tower. Mounding in the surface of the marsh indicated the lateral pressures which were created sought expression and were largely dissipated in an upward movement. The engineer for the plaintiff was of the opinion that relocating the road 33 feet farther east would reduce the possibility of damage to the towers and damage would be unlikely and so advised the defendant by letter, adding that if damage should result the defendant would not be relieved of liability. The defendant's first relocation exceeded this footage by 50 percent and the road was again relocated farther to the east when mounds continued to appear. The record does not indicate that mounds appeared after the second relocation and presumably the lateral forces extended from the roadbed to the base of the tower.

The plaintiff contends the county did not take test borings, change the method of laying the roadbed, or consult with experts before relocating the road after the first mounds

appeared, or determine if following the general prevailing practice was safe under the conditions prevailing in this marsh. This argument implies if the defendant had done these acts, damage would not have resulted to the tower. The method of constructing a road by excavating and back-filling, according to the expert testimony, would not have reduced the lateral force set forth in the contents of the marsh. The road constructed by such method, in point of time, would accelerate the working of such forces but would not determine their intensity. Likewise, taking borings or testing the marsh for depth and density would not have foretold the probable damage to the tower. These methods are used to determine the amount of fill needed and whether it is financially feasible to build the road; they are not used to determine lateral pressure or the effect the road would have on the contents of the marsh. The evidence also indicates experts cannot tell how much lateral flow or pressure will result from the building of a roadbed through the swamp as each swamp has its own unknown peculiarities and consultation with such experts would only have produced a variety of opinions, on none of which the defendant would have been able to rely with any reasonable certitude. We do not believe the county was negligent in not consulting experts or as to its manner in constructing the road or in not making the tests urged by the plaintiff. The great weight and clear preponderance of the evidence sustains the trial court's finding that the defendant met the standard of care applicable to counties of its size in constructing the road in the location and in the manner it did across the marsh and likewise that the defendant did not and should not have reasonably foreseen or anticipated damage to the plaintiff's tower would probably result.

The plaintiff further contends the defendant committed both an intentional and a negligent trespass against its prop-

erty whether its interest be considered personalty or realty. The invasion of another's interest in land is intentional when the acts are done for the purpose of causing the invasion or when the actor knows that damage is resulting or is substantially certain to result from his conduct. Restatement, 4 Torts, p. 238, sec. 825. It cannot be successfully claimed on the record that the county acted for the purpose of causing harm to the tower. All the evidence negatives such a purpose. While it is true the county knew that constructing a road would disturb the instability of the contents of the marsh, the proof falls short of establishing the county knew that damage to the tower was substantially certain to result from the building of the road in the location and in the manner the road was constructed.

The plaintiff's argument is based on the implied premise it has a right to the stability of the instability of the marsh. If this were so as pointed out in *Wisconsin Power & Light Co. v. Columbia County, supra,* the plaintiff would in effect be acquiring a servitude on the surrounding land without payment therefor. We also stated in that case (p. 8), "The intent required for trespass is not merely an intention to do the act which brings about the injury, but rather an intent to act with reference to the chattel." The great weight and clear preponderance of the evidence does not show the defendant knew or should have known there was a substantial certainty that the tower would be damaged by the construction of the road as finally relocated. Nor do we find a negligent trespass. The defendant not having been negligent, its conduct cannot constitute a negligent trespass.

What we have said disposes of the case and makes unnecessary a consideration of the measure of damages, the nature of the plaintiff's rights, or its negligence.

*By the Court.*—Judgment affirmed.