OLSEN, Plaintiff, v. MILWAUKEE WASTE PAPER COMPANY and another, Defendants and Appellants: HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY and another, Impleaded Defendants and Respondents.

*September 5—October 3, 1967.*

For the appellants there was a brief by *Giffin, Simarski, Goodrich & Brennan,* attorneys, and *James P. Brennan* of counsel, all of Milwaukee, and oral argument by *James P. Brennan.*

For the respondents there was a brief and oral argument by *Ronald L. Piette* of Milwaukee.

HALLOWS, J.   The sole issue on this appeal is whether the court erred in changing the answer of the verdict and dismissing the complaint, and this question turns on whether there was sufficient credible evidence, taking it most favorably in support of the verdict, on which a jury might find defendant Kozlowski negligent. If there was, the trial court should not have changed the answer in the verdict. *Wallow v. Zupan* (1967), 35 Wis. 2d 195, 150 N. W. 2d 329; *Rodenkirch v. Johnson* (1960), 9 Wis. 2d 245, 101 N. W. 2d 83.

On August 10, 1962, Samuel Lang, the employee of Milwaukee Waste Paper Company, drove his truck into the private parking lot adjoining the south side of the Veterans' Administration building on North Water street in Milwaukee to pick up waste material. The parking lot was about 55 feet wide and extended the length of the building, or about 170 feet. Cars were parked perpendicularly to the north and south sides of the parking lot, leaving a center aisle of about 15 feet in width from the west entrance on North Water street to a loading-zone area 100 feet east. The loading zone was free of parked cars but along the building there was a 19-foot loading dock which projected eight feet into the parking

lot. Lang entered the lot from the west and parked at an angle at the loading dock with the front of his car facing southeast and the left-rear corner of the truck touching the dock. While the truck was so parked, Kozlowski drove his automobile into the lot from the west, parked it approximately in the center of the 15-foot aisle between the rows of parked cars with the front of his car about even with the west edge of the loading dock or somewhere between 5 and 10 feet west of the right-rear of the truck. Kozlowski was supervisor of a firm which was doing construction work within the Veterans' Administration building and parked to enable two of his firm's carpenters, who were to work in the building, to remove their tools from the car and enter the building. After Kozlowski entered the building to look for the maintenance man and while Olsen, one of the carpenters was removing tools from the car, Lang started the engine of his truck, allowed the truck to roll forward about four feet and turned the wheels so the front of his truck would swing to the north and face east while backing up. As he backed the truck, he struck Kozlowski's car, severely injuring Olsen.

Lang testified that after he finished loading his truck he got on the truck in the back, put a rope around the bales or barrels and looked in back of him and the road was clear out to North Water street. He then got in the truck's driver's seat, let the truck roll ahead about four feet and then proceeded to back up the truck two to three feet when the collision occurred. He stated that when he started to back up he looked first in the right rearview mirror and then in the left. Apparently the jury did not believe this story as it found Lang negligent. No issue is raised on this appeal in this respect.

It is claimed by the appellant waste paper company that Kozlowski was negligent in the position in which he parked his car behind the truck, blocking its exit back through the aisle and in his failure to warn anyone that

his car was so parked. The gist of the appellants' first argument is that under the circumstances Kozlowski parked his car in a place of danger because, "The ordinarily prudent man should foresee that a vehicle in a parking lot might move forward or backward or any other direction and that a truck in the driving lane of a parking lot filled with other vehicles might well back out of the parking lot." But this argument does not go far enough. We are not concerned with possible harm but reasonably probable harm to a passenger in the parked auto because of its parked location.

The ordinary rules of negligence involving parking or management and control of automobiles apply to a private parking lot as they do to public streets which are not governed by some specific ordinance or traffic regulation. Kozlowski's conduct must be tested by whether under the same or similar circumstances the great mass of mankind would have parked his automobile as he did. Unless Kozlowski had reason to believe (1) the truck was about to back up, or (2) the driver could not see Kozlowski's auto was behind the truck, or unless Kozlowski is chargeable with knowledge that the truck driver would be negligent in his lookout, we do not see how a jury could find Kozlowski negligent in parking as he did. Foreseeability of a possibility of harm is not enough to establish negligence. It is the reasonable probability that harm might ensue which is the basis of foreseeability as an element of negligence. *Osborne v. Montgomery* (1931), 203 Wis. 223, 234 N. W. 372; *Wisconsin Power & Light Co. v. Columbia County* (1962), 18 Wis. 2d 39, 117 N. W. 2d 597; *Meihost v. Meihost* (1966), 29 Wis. 2d 537, 139 N. W. 2d 116.

Kozlowski had no actual knowledge the truck was going to back up either soon or at any later time. It was obvious from the position of the truck at the loading dock that it could not back up without first being moved forward in order to make the maneuver necessary for it

to back up in the crowded parking lot. Certainly Kozlowski's parking in the aisle would inconvenience and prevent anyone desiring to use it from doing so, but such action is not necessarily negligence. In a private parking area, such as is involved in this case, parking practices which are not permitted on a public street are common. Kozlowski had a right to be on the lot and only intended to park long enough to take care of his business and for his two carpenters to unload tools. He could not park at the 19-foot loading zone because the defendant had so used the space as to make that impossible.

Under the circumstances we think Kozlowski was entitled to rely on the presumption the truck driver would adequately look back after maneuvering the truck into the aisle and before backing it. Kozlowski could also reasonably have thought the truck facing southeast was going to exit from the parking lot to the alley 50 feet east and not back up. There is no evidence to show that Kozlowski had any knowledge the truck could not leave by way of the east alley.

Because of the position of defendant's truck at the loading dock and the distance from the truck that Kozlowski parked his car, there was no duty to warn anyone of the position of his car which was plainly visible to anyone who cared to look. We see no position of danger or anything inherently dangerous in Kozlowski's parking his car where he did.

The appellants, however, argue that juries have found negligence in the position of a person hurt by a backing truck. In *McGuire v. Doyle* (1929), 198 Wis. 503, 224 N. W. 481, the plaintiff walked behind an automobile in a garage to close the car door and was injured when the car suddenly backed up. But the plaintiff had knowledge the motor of the car was running with the operator in the car and there was only 18 inches between the rear of the car and the wall of the garage. The narrowness of

this area made it virtually impossible to avoid being hurt if the car by accident or design was backed up. In *Patterson v. Edgerton Sand & Gravel Co.* (1938), 227 Wis. 11, 277 N. W. 636, a plaintiff was found to be contributorily negligent in the position he took behind a loaded truck and in respect to lookout for his own safety when he was injured by the backing truck in a private gravel pit. But unlike the instant case, the plaintiff knew the truck would back momentarily and in spite of such knowledge he took a position 18 inches behind the truck with his back toward it in order to level the surface of the ground.

Appellants also rely on *Allen v. Zabel* (1952), 261 Wis. 172, 52 N. W. 2d 393, and *Flatley v. American Automobile Ins. Co.* (1953), 262 Wis. 665, 56 N. W. 2d 523, but neither is controlling. In *Allen,* negligence was found on the part of the plaintiff, not in his position but in respect to lookout and failing to sound a horn indicating his intention to back a lift truck, which was struck by a tractor-trailer backing through a factory entranceway. *Flatley* concerned an injury to the plaintiff by a backing truck but the plaintiff knew the truck was backing and took a position between the truck and a loading platform to secure a tripod to a conveyor he was going to use. In *Nicholas v. Chloupek* (1937), 23 Cal. App. 2d 184, 72 Pac. 2d 561, the plaintiff was found contributorily negligent for parking her car in back of the defendant's car but when plaintiff parked her car, the engine of defendant's car was running, and it was obvious the defendant had to back his car up before he could leave the lot. The court does not attempt to pass upon the question. In *Himmelstein v. General Electric Co.* (1957), 144 Conn. 433, 133 Atl. 2d 617, plaintiff was found contributorily negligent when struck by defendant's car as it backed down a ramp leading to a basement parking area to permit another car to enter. The plaintiff was aware of the

custom of cars backing down the ramp to permit other cars to enter upon a signal of the entering car. The entering car sounded its horn, and the defendant's car backed down the ramp, but the plaintiff still walked onto the ramp in back of defendant's car.

Lastly, appellants rely on *Hoffman v. Buggs* (1959), 6 Wis. 2d 488, 95 N. W. 2d 237, in which the plaintiff was injured when a truck backed and hit him, but he knew the truck was going to back because he had helped to place the temporary driveway planks on which the truck was to be backed. He also changed his position from the side of the truck to its rear without warning the driver of the truck. In these cases we have two similarities, a backing vehicle and an injured person who should have foreseen the probability of harm under the circumstances. In the facts of the instant case, the latter element necessary for negligence is lacking.

*By the Court.*—Judgment affirmed.